## BEAUMONT TRACTION COMPANY v. W. H. EDGE.

### Decided May 15, 1907.

**1.—Practice—Rule 31 Enforced.**

When no reference is made to the pages of the record where the evidence, set out in a statement, may be found, an assignment of error based upon such evidence, will not be considered.

**2.—Personal Injuries—Measure of Damage—Charge.**

In a suit for personal injuries, a charge which, after telling the jury if its verdict should be for the plaintiff to assess his damages at such sum of money as, if paid now, would fairly compensate him for the injury sustained, then enumerates the elements of damages to be considered in estimating them, is not obnoxious to the objection that it authorized double damages.

Appeal from the District Court of Jefferson County. Tried below before Hon. L. B. Hightower, Jr.

*Chester & Da Ponte,* for appellant.—The court erred to the prejudice of appellant in its charge to the jury on the measure of damages, in that the charge is confusing and misleading, and permits the recovery of double damages. Texas & N. O. Ry. v. McCraw, 16 Texas Ct. Rep., 368; Missouri, K. & T. Ry. v. Hannig, 91 Texas, 347; International & G. N. Ry. v. Butcher, 84 S. W. Rep., 1052; International & G. N. Ry. v. McVey, 12 Texas Ct. Rep., 992; Galveston, H. & S. A. Ry. v. Perry, 10 Texas Ct. Rep., 669; Missouri, K. & T. Ry. v. Nesbit, 13 Texas Ct. Rep., 656; Texas B. Co. v. Dickey, 49 S. W. Rep., 935.

A servant assumes the risk of injury, not only from such defects in the appliances with which he is working as he actually knows, but he also assumes the risk of injury from such defects (though not actually known) as should have become known to him while using ordinary care in the discharge of the duties of his employment. Bonnett v. Galveston, H. & S. A. Ry. Co., 89 Texas, 75; Missouri, K. & T. R. Co. v. Hannig, 91 Texas, 347; Texas P. Co. v. Poe, 74 S. W. Rep., 563; St. Louis & S. W. R. Co. v. Barrett, 72 S. W. Rep., 884; San Antonio & A. P. R. Co. v. Waller, 65 S. W. Rep., 210.

*Lovejoy & Parker* and *Martin & Martin,* for appellee.

NEILL, ASSOCIATE JUSTICE.—Suit by appellee against appellant to recover $20,000 damages for personal injuries alleged to have been inflicted by the negligence of defendant. The substance of plaintiff's petition is, that while employed and acting in the capacity of conductor, he was ordered by defendant's superintendent to take the front end of the car and operate it as motorman; that while operating the car in obedience to the order it became his duty to stop it, and, endeavoring to do so, he applied and set the brake with the appliances provided for that purpose, when the ratchet slipped and released the brake, forcing the brake-handle to fly around and strike him with great force, thereby injuring him. That the cause of the ratchet's slipping was its bolts and fastenings had

become worn and loosened and would not hold when the brake was set; that defendant was negligent in furnishing plaintiff a car equipped with such defective appliances, and that such negligence was the proximate cause of his injuries. The defendant pleaded a general denial, that plaintiff was a volunteer in operating the car as motorman, assumed risk and contributory negligence. The trial of the case resulted in a verdict and judgment in favor of plaintiff for $500.

*Conclusions of fact.*—The assignments of error attack the sufficiency of the evidence to sustain the judgment on the grounds: (1) that it does not show the alleged defects in the appliances of the car; (2) that, if there were such defects, they were necessarily known to plaintiff and he assumed the risk of such defects; and (3) that the preponderance of the evidence shows that plaintiff was a volunteer motorman. After reading the evidence, we have concluded that it is sufficient to sustain the judgment on all these issues. We therefore overrule the third, fourth and fifth assignments of error.

*Conclusions of Law.*—1. The first assignment of error complains that the court erred in overruling defendant's motion for a new trial on the ground that one of the jurors was not a qualified voter, in that he had not resided in Jefferson County six months when the case was tried. The assignment can not be considered because there is nothing in the record to sustain it or the proposition advanced. While the statement subjoined to the proposition in appellant's brief recites certain testimony as that of one of the jurors, which, if in the record, would be pertinent, no reference is made to the pages of the record, as is required by rule 31, to show where it can be found.

2. The second assignment of error complains of the tenth paragraph of the charge which presents the measure of damages, the objection urged being that it authorizes a double recovery. The paragraph, after telling the jury if its verdict should be for plaintiff to assess his damages at such sum of money as, if paid now, will fairly compensate him for the injury received by him, then enumerates the elements of damages to be considered in establishing them. This was proper and not obnoxious to the objection that it authorized double damages. Gulf, C. & S. F. Ry. v. Garrett, 99 S. W. Rep., 162; Gulf, C. & S. F. Ry. v. Harritt, 80 Texas, 75.

This disposes of all the assignments of error adversely to appellant, and requires an affirmance of the judgment.

*Affirmed.*

Writ of error refused.