WACO OIL & REFINING CO. v. TEXAS
REFINING CO.   (No. 6129.)

(Court of Civil Appeals of Texas.   San Antonio.   Jan. 8, 1919.)

APPEAL AND ERROR ☞759—BRIEFS—COPY OF ASSIGNMENTS OF ERROR.

Assignments of error are insufficient where they consist of the motion for new trial, and the paragraphs thereof are not copied in the brief as required by court rule 29 (142 S. W. x), but are radically revised or reconstructed.

Appeal from District Court, Bexar County; S. G. Tayloe, Judge.

Suit by Eugene Early and another, under the firm name of the Waco Oil & Refining Company, against the Texas Refining Company.   Judgment for defendant, and plaintiff appeals.   Affirmed.

Ingrum & Robinson, of San Antonio, for appellant.

Templeton, Brooks, Napier & Ogden, of San Antonio, for appellee.

MOURSUND, J.   This is a suit by Eugene Early and William Foster, under the firm name of Waco Oil & Refining Company, against appellee, for $2,112, alleging that they entered into a contract with appellee on or about October 6, 1913, whereby they sold appellee 96,000 gallons of prime crude cotton seed oil f. o. b. at Wolfe City, Tex., at 45½ cents per gallon; that appellee breached the contract and refused to accept the oil, whereupon appellants sold same in open market on October 10, 1913, at 43½ cents per gallon, or at a loss of $1,920 from the price agreed to be paid by appellee; that appellants were compelled to pay a broker $192 for making such sale.   The petition contained the further allegation that appellants had a contract with the Hunt County Oil Company for said quantity of oil, providing for the delivery of four tanks in October, four in November and four in December, f. o. b. mill, in buyer's tanks, to be paid for by sight draft with bill of lading attached; that appellee was fully informed of the terms of said contract and that it would have to pay the difference between the price at which plaintiffs had bought said oil and that to be paid by appellee; that, after closing the contract over the phone, appellant assigned the contract, without recourse, to appellee, and attached same to a draft for the sum due; and that appellee refused to honor said draft, and notified appellants it would not take the oil.

Appellee answered by general denial, and a special plea that it made no agreement other than one to take the oil provided appellants procured for it a contract by the mill to sell the oil direct to appellee, the purchase price therefor to be due and payable on delivery thereof; that appellants failed to tender such a contract.

The court at appellants' request filed his conclusions of fact and law in support of his judgment for appellee.   Prior to the filing thereof the amended motion for new trial had been overruled.   The record contains no assignments of error other than the paragraphs of said motion.   The assignments of error appearing in the brief are not copies of the paragraphs of said motion.   Some of them present questions raised in the motion, but each has been revised to such an extent as to disclose clearly a purpose to reconstruct the paragraph instead of to copy the same.   Objection is made to the consideration of the assignments and the same must be sustained.   Mansfield v. Mansfield, 198 S. W. 169, and cases therein cited.   The nearest approach to a copy is made in the fifth assignment, but, even if it could be held that as to such assignment rule 29 (142 S. W. x) was complied with, the assignment is too general to merit consideration.   There being no fundamental error apparent, the judgment must be affirmed.   We will say, however, that the briefs disclose a case in which appellants undertook to establish a contract made over the telephone, and there is a direct conflict in the testimony of the persons who had the conversation.   The court was warranted in finding that Middleton, who spoke for appellee, intended to contract for the delivery to appellee of a contract for oil made by the mill directly with appellee, and not for the assignment of a contract by appellants which the mill had made with them, and that, as appellants' spokesman did not so understand and agree, there was no meeting of the minds of the parties.

Judgment affirmed.