## McFARLAND et al. v. BURKBURNETT-HARRIS OIL CO. (No. 1763.)

(Court of Civil Appeals of Texas. Amarillo. March 2, 1921.)

**1. Appeal and error ⬅722(1)—Assignments of brief must be substantial copies of those properly in record.**

Assignments of error presented in appellant's brief cannot be considered where they are not substantial copies of assignments of error which properly appear in the transcript.

**2. Appeal and error ⬅722(1)—Assignments after court trial must be incorporated formally or by motion for a new trial.**

Where the trial is before the court, as well as where it is before the jury, the assignments of error presented in the brief must have been incorporated in the record either as formal assignments or in the motion for a new trial under Rev. St. art. 1612, and Courts of Civil Appeals Rules 23 and 29 (142 S. W. xii).

**3. Appeal and error ⬅743(1)—Brief must refer to transcript or statement of facts.**

Assignments of error in appellant's brief cannot be considered where there is no reference to the transcript or statement of facts in connection with the statements made under the propositions as required by Court of Civil Appeals Rule 31 (142 S. W. xiii), and the assignments point out no fundamental error authorizing reversal under Rule 23 (142 S. W. xii).

Appeal from District Court, Wichita County; Edgar Scurry, Judge.

Suit between C. I. McFarland and others and the Burkburnett-Harris Oil Company. Judgment for the latter, and the former appeal. Affirmed.

Hunter & Scott and John Davenport, all of Wichita Falls, for appellants.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, for appellee.

BOYCE, J. [1-3] Appellants' assignments of error, as presented in their brief, are not entitled to be considered, for two reasons: First, they are not substantial copies of the assignments of error incorporated in the record. The case was tried before the court, and the appellants filed a document, styled "Assignment of Error," which was in the terms of a motion for a new trial, though no action was ever taken on it by the trial court. No other assignments of error appear in the transcript. The assignments presented in the brief are not substantial copies of those appearing in the instrument referred to. Whether the trial is before the court or the jury, the assignments of error presented in the brief must have been incorporated in the record, either as formal assignments or in the motion for new trial. R. C. S. art. 1612; Rules 23 and 29 for Courts of Civil Appeals

(142 S. W. xii); Hess v. Turney (Sup.) 203 S. W. 593; Mansfield v. Mansfield, 198 S. W. 169; Waco Oil & Refining Co. v. Texas Refining Co., 207 S. W. 987; Chancelor v. Slaughter, 210 S. W. 239. Second, there is not a reference in appellants' brief to the transcript or statement of facts in connection with the statements made under the propositions presented under their assignments, as required by Rule 31, for briefing (142 S. W. xiii). Caffrey v. Bartlett, 198 S. W. 810; Hirsch v. Patton, 49 Tex. Civ. App. 499, 108 S. W. 1018; Beaumont Tractor Co. v. Edge, 46 Tex. Civ. App. 448, 102 S. W. 746.

The assignments point out no fundamental error, as it would require an examination of the entire record to determine whether they are well taken so that the brief presents no ground for reversal of the judgment under Rule 23 for the Courts of Civil Appeals. Houston Oil Co. v. Kimball, 103 Tex. 94, 122 S. W. 537, 124 S. W. 85.

The judgment will therefore be affirmed.