## No. 2759.

### HEIGHES v. PORTERFIELD, et al.

#### SYLLABUS BY THE COURT

Taking posession of the leased premises by the landlord, merely for the purpose of protecting the property, upon the abandonment thereof by the tenant, does not constitute an acceptance of the surrender of the lease by the tenant.

Appeal from District Court, Bernalillo County; Hickey, Judge.

Action by Wm. B. Heighes against Joseph Porterfield and another. From an order sustaining a demurrer to the complaint and dismissing the cause, plaintiff appeals. Reversed and remanded, with directions.

Katherine B. Mabry and Thos. J. Mabry, both of Albuquerque, for appellant.

Heacock & Grigsby, of Albuquerque, for appellees.

### OPINION OF THE COURT

PARKER, C. J.   Appellant and appellees entered, into a written lease of certain premises in the city of Albuquerque at a stipulated monthly rental, payable monthly in advance.  The complaint alleges that, after appellees had paid two monthly rental payments, and when there was due and unpaid one monthly rental for the succeeding month the appellees removed from the premises and advised the appellant that they would refuse further to occupy the same, or pay the rental therefor, which was against appellant's protest and without his approval or request.   The complaint then alleged that appellees then abandoned the premises, and futher alleged:

"That plaintiff, in order to protect himself and his said property and premises, the subject of the said lease, was obliged to take posession of the said place and now has and holds posession thereof, all because of the acts of defendants in voiding, repudiating, and breaking their said contract as aforesaid."

The action was to recover the rent for the entire term of the lease.   Defendants filed a demurrer to the complaint, on the ground that it disclosed that the plaintiff had taken posession of the demised premises and therefore had "waived and relinquished and abandoned and canceled all right and interest he had under the said lease."   The trial court sustained the demurrer and, appellant electing to stand upon his complaint and refusing to plead further, dismissed the case, from which judgment this appeal was taken.

That the complaint is faulty and somewhat ambiguous is clearly apparent.   We see no reason for inserting the allegation as to taking possession of the premises at all, in the complaint, and, when the ap-

pellant had opportunity, as he did, to clarify his allegations, it does seem that he might well have improved his opportunity in that respect. We deem the pleading, however, not to be open to successful attack by demurrer. The general proposition is that when a tenant abandons the leased premises and declares that he will no longer be bound by the lease, or pay the stipulated rental, the landlord may re-enter and terminate the contract of lease, in which event he cannot hold the tenant for future rental, or he may let the premises remain idle and recover the rent for the whole term. He may also enter the premises solely to care for them without affecting the tenant's liability for future rent. 16 R. C. L. "Landlord and Tenant," §§ 481 and 482. In 2 Tiffany, Landlord and Tenant, § 1355, it is said:

"A question frequently arises as to what constitutes a resumption of possession by the landlord, on the abandonment of the premises by the tenant, sufficient to effect a surrender. It may be necessary for the landlord to assume some measure of control over the property to protect it from injury, or he may desire to utilize it in order to recoup himself for loss of the stipulated rent, and yet in neither of these cases does he usually desire to preclude himself from asserting a personal liability on the covenant for the payment of rent. The fact that the landlord enters and cares for the premises after the tenant's abandonment is not regarded as showing a resumption of exclusive possession, effecting a surrender. * * * The question is whether the possession taken by him is of an exclusive character, with the apparent intention of occupying and controlling the premises as his own, to the exclusion of the tenant, in case the latter desires to return, and this is ordinarly a question of fact."

In the note to Higgins v. Street, 13 L. R. A. (N. S.) 398, it is said that, if the landlord takes possession to care for the premises, or rerent them in behalf of the tenant or for some other purpose that is not inconsistent with the theory that he retakes possession in behalf of the tenant and for his benefit, the tenant remains liable for the agreed rental for the unexpired term. The same case is reported in 14 Ann. Cas. 1088, where numerous other authorities are collected. In Smith v. Hunt, 32 R. I. 326, 79 Atl.

826, 35 L. R. A. (N. S.) 1123, 1137, Ann. Cas. 1912D, 971, it is said.

"The relation of landlord and tenant cannot be determined except by the expiration of the lease, where there is a lease for a fixed term, * * * except by the surrender of the premises by the tenant and the acceptance of such surrender by the landlord. Whether or not there has been such   *   *   * surrender is to be determined by the intention of the parties. This intention is to be gathered by their acts and words."

Viewed in the light of the foregoing considerations, it is apparent that the appellant's allegation as to his taking possession of the premises upon the abandonment thereof by the appellees will not bear the construction put upon it by the appellees in putting forward their demurrer to the complaint. Appellant's allegation is to the effect that the abandonment was against his will and protest, and that he took possession of the property for the purpose merely of protecting the same, and that, therefore, he did not take such exclusive possession as would relieve the tenant of payment of the rentals as provided in the contract.

It follows from all of the foregoing that there is error in the judgment, and that it should be reversed and the cause remanded, with directions to overrule the demurrer and to proceed further in accordance herewith, and it is so ordered.

BRATTON and BOTTS, J. J., concur.