**SMITH et al. v. IRWIN.**  (·No. 1937:)

(Court of Civil Appeals of Texas.  El Paso.
Dec. 9, 1926.)

**1. Landlord and tenant ⬤�122⟶49(2)—Tenant under general denial of breach held not entitled to prove release or waiver of contract by landlords.**

In landlords' suit for breach of written lease, tenant, having answered by general denial only, was not entitled to prove release or waiver of contract by landlords.

**2. Landlord and tenant ⬤⟶49(2)—If facts existed excusing tenant from liability, burden was on him to allege and prove them.**

In landlords' suit for breach of written lease contract, if facts existed excusing tenant from liability, burden was on him to allege and prove them.

**3. Landlord and tenant ⬤⟶49(2)—Tenant's testimony held sufficient to support judgment for landlords, in absence of proof of facts excusing tenant for nonperformance.**

In landlords' suit for breach of written lease, tenant's testimony of entering contract and occupying premises *held* sufficient to support judgment for landlords in absence of proof of facts excusing tenant's nonperformance.

**4. Landlord and tenant ⬤⟶49(2)—Tenant's evidence as to express surrender of lease held inadmissible under general denial of breach.**

In landlords' suit for breach of written lease, tenant's evidence as to express surrender *held* inadmissible under general denial.

**5. Landlord and tenant ⬤⟶49(3)—On tenant's breach, landlords held entitled to difference between contract rental and rental received on reletting to time of trial.**

Where tenant breached written lease for two years, landlords were entitled to judgment for difference between contract rental and rental received on reletting up to time of trial.

Appeal from Reagan County Court;  W. W. Pittman, Judge.

Suit by Delma F. Smith and another against Ora Irwin.  From a judgment for defendant, plaintiffs appeal.  Reversed and remanded.

Vanderbilt & Ferrell, of Big Lake, and C. D. Spann, of Rankin, for appellants.

J. A. Moore, of Big Lake, for appellee.

PELPHREY, C. J.  This suit was instituted in the county court of Reagan county by appellants against appellee to recover the sum of $525 damages for a breach of a written lease contract.  Appellants alleged that on or about the 6th day of December, 1924, appellants as lessors, and appellee as lessee, entered into a contract of tenancy whereby appellants leased to appellee for the period of two years certain premises in Big Lake, Reagan county, Tex.; that appellee obligated himself to pay as rental on said premises the sum of $1,800, at the rate of $75 per month; that on or about the 15th day of March, 1925, appellee abandoned said premises; that, after the abandonment of the premises by appellee, appellants, pursuant to the provisions of the lease contract, relet the premises for the sum of $50 per month; and that appellee thereby became obligated to pay to appellants the difference between $1,800, less the sum of $225 paid by appellee before he abandoned the premises, and the sum of $50 per month for a period of 21 months, or $525.

Appellee answered by general demurrer and general denial.  The case was tried before a jury on February 9, 1926, and resulted in a verdict for appellee.  There are three assignments of error presented by appellants in their brief; the first two dealing with the admission of evidence by witnesses for appellee as to a release of appellee by one of appellants.  The third one complains of the action of the court in refusing a peremptory instruction for appellants.

[1] Appellants contend that appellee, having answered by a general denial only, was not entitled to prove a release or waiver of the contract on the part of appellants.  With this contention we are in accord.  Appellee was entitled under his general denial to introduce any evidence tending to refute the allegations in appellants' petition, but, in our opinion, was not entitled, in the absence of any pleading to that effect, to prove an express surrender or surrender in fact.

[2] As we understand the evidence in this case, there is no dispute either as to the execution of the contract, leaving of the premises by appellee, or the failure of appellee to pay the rent stipulated in the contract.  We think the proof of those facts is sufficient to show a cause of action on the part of appellants, and that, if any facts existed which would excuse appellee from liability, the burden was on him to allege and prove them.  As said in 13 C. J. 763:

"A party who asserts that performance of the contract on his part has been excused has the burden of establishing the facts relied on for such excuse.  And after proof of the execution of the contract and the breach by defendant, the burden is on defendant to show an excuse for the breach."

[3] Appellee testified relative to his execution and performance of the contract as follows:

"I entered into a lease contract with them on the 6th day of December, and occupied the building about three months, and vacated it on the 5th day of March last.  At the time I signed the contract, I read it and was familiar with it.  And I knew that it obligated me to pay $75 per month for the building for the full period of the lease.  I have not paid it."

The above, in our opinion, conclusively shows the execution of the contract and fail-

ure of performance on the part of appellee, and was sufficient to support a judgment for appellants, in the absence of pleading and proof of facts which would excuse appellee for nonperformance.

[4] The evidence introduced by appellee as to an express surrender was clearly inadmissible under a general ·denial. Appellants sued for the sum of $525, being the difference between $75 per month, the rental provided for in the contract, and $50 per month for 21 months, the amount for which the premises were alleged to have been relet. The suit was tried·February 9, 1926, almost 10 months before-the expiration of the lease contract.

[5] They, if at all, were entitled to a judgment for the difference between the contract rental price and the rental received on the reletting of the premises up to the time of the ·trial; therefore we must overrule the third assignment of error. John Church Co. ·et al. v. Martinez (Tex. Civ. App.) 204 S. W. 486, and authorities cited.

Reversed and remanded.