## DROLLINGER v. HOLLIDAY.

### No. 1998.

Court of Civil Appeals of Texas. Waco.

May 26, 1938.

J. J. Fagan and Henry Tirey, both of Dallas, for appellant.

Emil Corenbleth and Sam Passman, both of Dallas, for appellee.

GALLAGHER, Chief Justice.

Appellee, Forrest P. Holliday, sued appellant, Harry I. Drollinger, on a lease contract for unpaid rentals and attorney's fees. Appellee and appellant, on August 17, 1935, executed a written contract by the terms of which appellee leased to appellant a certain furnished residence for a period of one year from said date at the rate of $100 per month. Two hundred dol-

lars, representing the monthly rental for the first and last months of the term, were required to be paid at the time the contract was entered into. The remaining rent was to be paid at the rate of $100 on the 17th day of each month for ten months there-. after. Said lease contract contained a provision that appellant should accept said premises in their then condition, keep the same and the furnishings therein, including the plumbing, in repair at his own expense and return all of the same at the expiration of said lease in good repair and condition. He was prohibited from underletting the same except with the consent of appellee. Appellee was expressly authorized, in event of failure on the part of appellant to pay the stipulated rental or in event of his breach of any other of the covenants contained in said lease, to immediately resume possession of the premises, remove all of appellant's property therefrom, re-let such premises for the best price obtainable and hold appellant for the loss, if any, and for necessary attorney's fees incurred in enforcing his claim.

Appellee alleged that appellant vacated the premises in November, 1935, and that the same remained vacant until April 24, 1936, when he for the first time secured a tenant, but that he was compelled to accept $90 per month for the use of the same for the remainder of the term. Appellee asked for judgment for $443, which he alleged was the amount of the unpaid rental after crediting thereon the amount paid by the new tenant, and also for judgment for reasonable attorney's fees. Other allegations made by appellee are not material to the disposition of this appeal.

- Appellant, among other defenses presented, alleged, in substance, that at the time he signed said lease contract he told appellee's agent that he contemplated the purchase of a home and that he would not desire to continue the occupancy of said premises for as much as a year, as stipulated in said lease; that appellee's agent then and there assured him that the signing thereof was a mere formality, that it was fully understood between them that his occupancy thereof and resulting liability was to be on a month to month basis and that he could vacate the premises at the end of any current month; that he relied on such statement and signed said lease believing that it provided only for a tenancy from month to month. Appellant also alleged that at the time he signed said lease contract appellee's agent agreed to make certain repairs on the house and replacements and repairs on the furniture and plumbing fixtures; that appellee failed to comply with such agreement; that the water heater blew up, greatly alarming his wife, and that appellee failed to replace the same for a period of four days, and that he was, by reason of the breach by appellee of such promises, forced to vacate said premises. Appellee excepted to all of the same on the ground that no fraud or mistake having been alleged, the express terms of the written contract could not be contradicted or abrogated by a parol agreement made at the time of signing the same. The court sustained such exceptions and appellant did not offer to amend. Neither has he presented any assignments of error complaining of such rulings.

Appellant further alleged that after he rented said premises, appellee's agent requested the keys thereto and that he delivered the same to said agent, who, in that connection, asked him to aid in procuring a new tenant, without stating that he was attempting to hold appellant for any further rentals. He also alleged that, desiring to render all the assistance he could, he secured the services of another competent agent to attempt to procure a suitable tenant; that such agent did secure a tenant, but that appellee's agent claimed the premises were already rented and refused the use of the keys to enable the tenant so secured by appellant's agent to examine said premises, and that appellee was therefore responsible for the failure to secure a tenant and thus avoid any loss of rentals.

A jury was empanelled to try the case. Appellant offered testimony in support of his allegations to which exception had been sustained as aforesaid, which testimony was excluded by the court. He also introduced testimony with reference to action taken by himself and his agent and appellee's agent in attempting to secure another tenant after he had vacated the premises. The parties agreed that the sum of $443 of the rental required by the terms of the lease remained unpaid, and that $75 was a reasonable attorney's fee for prosecuting the suit. The court thereupon instructed the jury to return a verdict for appellee for said amounts, and on the verdict returned in response to such instruction, rendered judgment in fa-

564

vor of appellee against appellant in the sum of $518 and costs, from which judgment this appeal is prosecuted.

■ Appellant insists that the court erred in instructing a verdict because the pleadings and evidence raised an issue of the surrender of the premises by him and the acceptance thereof by appellee in termination of the lease. When the court gives a peremptory instruction against a party, neither formal objection thereto nor request for the submission of any issue or issues by the party complaining is necessary. Walker v. Haley, 110 Tex. 50, 214 S.W. 295; Shumaker v. Byrd, 110 Tex. 146, 216 S.W. 862; American National Ins. Co. v. Green, Tex.Civ.App., 96 S.W.2d 727, 728, par. 5.

■ Conceding, without admitting, that appellant's plea, absent special exception thereto, was sufficient to raise an issue of surrender and acceptance, it further devolved upon appellant to introduce testimony reasonably sufficient to support an affirmative finding thereon. A lease in writing constitutes a written contract, and the lessee can not surrender possession of the premises and be released from the terms thereof without the consent of the lessor. 27 Tex.Jur. p. 313; Goldman v. Broyles, Tex.Civ.App., 141 S.W. 283, par. 4; Sellers v. Radford, Tex.Civ.App., 265 S.W. 413, par. 2. Such agreement of surrender and release may be express, or it may be implied where the parties, without express surrender, do some act or acts from which it is necessarily implied that they have both agreed to consider the surrender as made. 35 C.J. p. 1086, sec. 269; Cannon v. Freyermuth, Tex.Civ.App., 4 S.W.2d 84, 85, par. 1, and authorities there cited. No such implication arises from the acts of one of the parties alone.

■■ Appellant does not, in connection with this assignment, recite the testimony of the respective witnesses relevant thereto nor the substance thereof. Neither does he make any reference to the place or places in the statement of facts where the testimony relied on by him can be found. Rule No. 31 for the government of Courts of Civil Appeals requires an appellant to support his propositions or assignments by appropriate statements from the evidence and to verify such statements by reference to the page of the record where the same may be found. The purpose of such rule is to enable the appellate court to verify appellant's contention without searching the statement of facts to determine whether it is well founded. A statement containing no reference to the record is not sufficient to require consideration. 3 Tex. Jur. p. 896 et seq., secs. 622, 623; 1 Tex. Jur.Supp., p. 260, sec. 623; McFarland v. Burkburnett-Harris Oil Co., Tex.Civ.App., 228 S.W. 571, par. 3, and authorities there cited; Stewart v. Poinboeuf, Tex.Civ.App., 270 S.W. 885, 887, par. 6, and authorities there cited; Lov Vorn v. Wilkinson, Tex. Civ.App., 112 S.W.2d 749, 750, pars. 1 and 2, and authorities there cited. This court, however, has always adopted a liberal rule in passing upon the sufficiency of a brief to present an issue for determination. We have therefore in this case decided to examine the statement of facts on the issue under consideration to determine whether its submission to the jury was proper or necessary.

■ The lease contract, as hereinbefore recited, authorized appellee or his agent, in event appellant failed to pay the stipulated rental, to immediately resume possession, rent the premises and hold appellant for the loss, if any. Appellant paid rent to December 17, 1935. A short time prior to said date he telephoned appellee's agent that he intended to move, and shortly thereafter either sent or surrendered the keys to him. Said agent made continued efforts to rent the premises and succeeded in doing so April 24, 1936. Appellant also secured the services of a Mr. McDowell, another real estate agent, who made continued efforts to rent the place. He testified that he succeeded in interesting a number of people but that none of them were satisfactory to appellee's agent. Appellant testified that he attempted to aid in renting the place to procure the return of the $100 he had deposited for the last month's rent, as recited in the lease. We do not think the testimony as a whole was sufficient to require or justify the submission of an issue of the acceptance of the return of the premises in satisfaction and discharge of appellant's obligations under the lease contract.

■ Appellant, as hereinbefore stated, does not present any assignment assailing the action of the court in sustaining exceptions to certain paragraphs of his answer. All his other assignments, save the one discussed, are predicated on the failure of the court to permit the introduction of testimony in support of the issues raised by the stricken pleas and the further fail-

ure to submit such issues to the jury. Appellant's failure to present assignments of error complaining of the action of the court in striking said pleas 'operated, so far as this appeal is concerned, as an abandonment of the issues sought to be presented for determination thereby.

The judgment of the trial court is affirmed.