**Eleanor G. CRAWFORD et al., Appellants,**

**v.**

**Edna HAYWOOD et al., Appellees.**

**No. 121.**

Court of Civil Appeals of Texas.

Corpus Christi.

June 10, 1965.

Luther E. Jones, Jr., Corpus Christi, Roger Butler, Robstown, for appellants.

Bob Spann, of McDonald & Spann, Corpus Christi, for appellees.

SHARPE, Justice.

This appeal is from a judgment rendered in favor of appellees (Landlords) against appellants (Tenants) for rentals due under a written lease and for foreclosure of Landlord's liens.

In 1959, appellants Eleanor G. Crawford and Elizabeth Crawford, d/b/a Jane's Special Diets, leased a store building in Corpus Christi, Texas, from appellees Edna Janssen (who later became Mrs. Haywood) and Rueben Janssen, for a period of five years. On August 2, 1960, the parties en-

tered into a new written lease agreement for a period of five years beginning September 1, 1960 and ending September 1, 1965, providing for a rental of One Hundred Thirty Four ($134.00) Dollars per month. In the Spring of 1963, appellants notified appellees that they would vacate the premises and thereafter did so. Appellees filed suit on November 2, 1963, alleging that the amount of Eight Hundred Eighty Two ($882.00) Dollars was then owing by appellants and that such sum would increase One Hundred Thirty Four ($134.00) Dollars per month during the pendency of the suit. On August 25, 1964, after non-jury trial, judgment was rendered for appellees in the amount of Two Thousand Two Hundred One ($2,201.38) and 38/100 Dollars, representing the amounts owing by appellants to that date. Pursuant to the request of appellants, the trial court filed findings of fact and conclusions of law.

Appellants' brief contains two points of error. However, on oral argument of this case, they waived their point 1, leaving for our consideration point 2 reading as follows:

"The trial court reversibly erred in refusing to admit into evidence and apply the law to testimony offered by appellants tending to rebut appellees' essential claim that the lease contract in question was subsisting as of the time of trial."

Appellants' point is based upon exclusion by the trial court of testimony given by appellee Mrs. Haywood, as shown by Bill of Exception, in substance as follows: After appellants abandoned the building in question, she secured the keys thereto; she offered the premises for sale and placed signs on the premises both before and after appellants vacated, indicating the same were for sale; after appellants vacated, advertisements were placed in the newspapers and a sign was placed in the window of the building that the premises were available to be rented; in order to re-lease, the walls were painted and some blocks on the

floor were repaired; she, personally, exhibited the premises to several persons who apparently were interested in leasing it, and on such occasions she unlocked the door of the building with the key in her possession. Appellants argue that if such testimony of Mrs. Haywood had been admitted by the trial court, it would have supported a finding that appellees had re-entered and resumed possession, and that such finding, if made, would have supported a conclusion that the lease, particularly under paragraph 13 thereof, had terminated as of the time appellees resumed possession.

By their Reply Point Four, appellees contend that the defense now relied on by appellants under their point 2 was not available to them under their pleadings, which consisted only of a general denial to appellees petition based upon the written lease dated August 2, 1960; and, particularly because appellants did not file verified pleadings under Rule 93, Texas Rules of Civil Procedure, concerning execution of such lease or the failure or lack of consideration for it, nor did they plead any affirmative defense under Rule 94, T.R.C.P.

█ It has long been held that a tenant relying upon either express surrender or surrender in fact of a lease by the landlord must affirmatively plead and prove the same and that a general denial does not raise such issue. This has been the rule both before and after the adoption of the Texas Rules of Civil Procedure. See Smith v. Irwin, 289 S.W. 113 (Tex.Civ.App., 1926, n. w. h.), wherein the court said:

"Appellants contend that appellee, having answered by a general denial only, was not entitled to prove a release or waiver of the contract on the part of appellants. With this contention we are in accord. Appellee was entitled under his general denial to introduce any evidence tending to refute the allegations in appellants' petition, but, in our opinion, was not entitled, in the absence of any pleading to that

effect, to prove an express surrender or surrender in fact."

"As we understand the evidence in this case, there is no dispute either as to the execution of the contract, leaving of the premises by appellee, or the failure of appellee to pay the rent stipulated in the contract. We think the proof of those facts is sufficient to show a cause of action on the part of appellants, and that, if any facts existed which would excuse appellee from liability, the burden was on him to allege and prove them. As said in 13 C.J. 763:

> " 'A party who asserts that performance of the contract on his part has been excused has the burden of establishing the facts relied on for such excuse. And after proof of the execution of the contract and the breach by defendant, the burden is on defendant to show an excuse for the breach.' "

■ In this case appellants did not plead any matter which would constitute an avoidance of the lease agreement or which would excuse their non-performance of it. Under such conditions and in the light of appellees' objections the trial judge properly excluded the testimony relied upon by appellants under their point 2. See Stewart v. Kuskin & Rotberg, Inc., 106 S.W.2d 1074 (Tex.Civ.App., 1937, n. w. h.); Drollinger v. Holliday, 117 S.W.2d 562 (Tex.Civ.App., 1938, n. w. h.); Nelson v. Seidel, 328 S.W. 2d 805 (Tex.Civ.App., 1959, wr. ref. n. r. e.); Rules 93 and 94, T.R.C.P.

Among other things the trial court found, in substance, that after appellants notified appellees they were going to vacate the premises, appellees elected not to accept a surrender of the lease; that appellees placed appellants on notice of their intention to enforce the lease and appellants' liability thereunder, although appellees, subject to appellants' continued liability, offered to allow a sub-tenant or to help in finding one.

■ Although the trial court originally excluded the testimony of Mrs. Haywood, which has hereinbefore referred to, the record shows that such testimony was considered by the lower court along with that admitted on the trial in making the finding that appellees had not elected to accept a surrender of the premises in question. A review of such testimony reflects that it would not have required the trial court to find that appellees had accepted a surrender of the premises or to conclude that the lease had terminated, under paragraph 13 thereof, or otherwise. Under such conditions the exclusion of such testimony, if error, would be harmless. Rule 434, T.R. C.P.

■ A lessee cannot surrender possession of demised premises and be released from the terms of a written contract of lease prior to its expiration date without the consent of the lessor; and the rights of the lessor under such lease is not ended by the lessee's declaration of an intention to vacate and not to pay further rents. Goldman v. Broyles, 141 S.W. 283 (Tex. Civ.App., 1911, n. w. h.); Sellers v. Radford, 265 S.W. 413 (Tex.Civ.App., 1924, n. w. h.). In such instance the lessor may elect to enforce his rights under the contract against the lessee, such as the right asserted in this case to recover unpaid rentals or payments due under the lease to the date of judgment, including the period of time during which the premises were not occupied by lessee or re-leased to other persons. See 35 Tex.Jur.2d, Landlord and Tenant, Sec. 125, pp. 627–629; White v. Watkins, 385 S.W.2d 267 (Tex.Civ.App., 1965). In this case the findings of the trial court, hereinabove mentioned, are sufficiently supported by evidence, and establish that the lease in question was valid and subsisting at the time of trial herein; and the conclusion that appellees were entitled to recover based upon non-termination of the lease, was correct.

The judgment of the trial court is affirmed.