414 P.2d 518

**John R. KENNEDY, Plaintiff-Appellee,**

**v.**

**Lee V. NELSON and Pearl G. Nelson, Defendants-Appellants.**

**No. 7644.**

Supreme Court of New Mexico.

March 21, 1966.

Rehearing Denied May 27, 1966.

Anthony J. Albert, Santa Fe, Chacon & Melendez, Espanola, for appellants.

Bigbee & Byrd, John A. Mitchell, Santa Fe, for appellee.

CHAVEZ, Justice.

This appeal is from a judgment entered pursuant to a directed verdict for plaintiff-appellee, who was awarded damages for breach of a lease executed by the two parties.

Plaintiff and defendants entered into a lease on April 4, 1956, for a term of five years beginning April 7, 1956, and ending April 6, 1961. The lease was entered into with the intent that defendants would use their liquor license to operate a bar in a portion of the Lybrook Inn which plaintiff was in the process of purchasing. Defendants were to pay as rental 50% of the net profits. However, defendants were to pay a minimum rental of $200 at the completion of each month's operation, which payments were to be credited to them when they payed plaintiff the 50% of the net profits. Such credits were to be carried over during the entire term of the lease.

Under one clause of the lease, plaintiff agreed to provide space for defendants to park their house trailer, and to supply both the trailer and the barroom with light, water, heat and gas. Plaintiff-landlord also agreed to operate the remaining parts of Lybrook Inn in an orderly, clean and proper manner.

Plaintiff had an option to purchase defendants' liquor license, but his complaint concerning the option was eliminated from the case as plaintiff did not insist on a determination of this question.

On December 31, 1956, defendants wrote a letter to plaintiff, stating that they were terminating the lease due to plaintiff's failure to supply adequate water and heat, and for failure to operate the remaining parts of Lybrook Inn in a proper manner. Defendants wrote another letter to plaintiff on March 30, 1957, reasserting their termination of the lease. Defendants continued to occupy the house trailer and operate the bar until September 24, 1957.

This suit was filed by plaintiff to recover unpaid rentals for the remaining term of the lease. Defendants answered that plaintiff's failure to provide water, heat and gas, as well as improper management of the remaining parts of Lybrook Inn and threats against defendants, had constructively evicted defendants, caused termination and abandonment of the premises on September 24, 1957, and that defendants were not liable for rents after September 1957.

Defendants also set up the defenses that plaintiff had failed to mitigate damages; had refused to allow defendants to return to the premises and operate the business; and that plaintiff continuously opposed the transfer of location of the dispenser's liquor license of defendants, thus causing defendants to lose their business for a long period of time. Defendants cross-claimed for damages as a result of the constructive eviction; the failure of plaintiff to fulfill his covenants; and for plaintiff's interference with defendants' attempts to establish a business apart from Lybrook Inn. Defendants' last cross-claim was for punitive damages for plaintiff's malicious attempt to force defendants from the premises and to cause them to lose their dispenser's liquor license.

Plaintiff objected to any testimony from defendants or their witnesses concerning conditions on the premises after December 31, 1956, on the grounds that it was irrelevant and that no foundation had been laid for the evidence.

The trial court found that, if there had been constructive eviction, it had been waived by defendants as a matter of law; that the covenants in the lease were independent, and that a breach of them did not excuse performance by the defendants-lessees. The trial court sustained plaintiff's contention that punitive damages from him were not proper. These findings were set out in the trial court's statement to the jury leading to a directed verdict by the court.

The trial court awarded damages to plaintiff for the unpaid rents for the remainder of the term of the lease; however, defendants were allowed to off-set that amount by the cost of the wood and water which defendants supplied, and the amount which plaintiff received when he was able to rent the space and eventually reopen the bar. Judgment was rendered for the difference on the basis of the directed verdict.

This appeal is based on the contentions that the trial court erred when: (1) It found that defendants had not been constructively evicted as a matter of law, or, if they had been, that they had waived their defense; (2) it excluded testimony concerning the conditions of the premises after December 31, 1956; and (3) it ruled that the covenants in the lease were independent covenants and a breach of them by plaintiff did not terminate the lease.

Before considering these contentions, it is necessary to examine defendants' argument that plaintiff's cause of action should have been dismissed in accordance with § 21-1-1(41) (e), N.M.S.A., 1953 Comp., which provides that a cause of action shall be dismissed upon written motion by the defendant, that no action has been taken by plaintiff to bring such action to its final determination for two years.

Since the appeal of the instant case, this court has decided Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954. We there held that action taken by the filing of a motion to set the case for trial on the merits, more than two years after the filing of the complaint but prior to written motion to dismiss, prevents dismissal under the Rule. In Martin and in this case, more than two years had expired between the filing of the complaint and plaintiff's motion requesting the court to set the case for trial on the merits. Subsequent to plaintiff's said motion, defendants moved for dismissal under Rule 41(e). We held in Martin and hold in this case, that a motion to set the case for trial made prior to defendants' motion to dismiss, prevents a dismissal. The motion to dismiss was properly denied.

The letters that defendants sent to plaintiff, stating that they were terminating the lease, could not and did not end the landlord-tenant relationship of the parties. Termination of a lease by act of the parties requires the consent of both lessor and lessee. Heighes v. Porterfield, 28 N.M. 445, 214 P. 323; O'Neal v. Bainbridge, 94 Kan. 518, 146 P. 1165; Drollinger v. Holliday, (Tex.Civ.App.1938), 117 S.W.2d 562. Here there was no consent on the part of plaintiff and, as he contends, the lease was in effect for the entire five year period, unless terminated by action in compliance with certain portions of the contract.

Defendants contend that the trial court erred in not submitting the question of constructive eviction to the jury. We do not see that such action was prejudicial to defendants if the trial court was correct when it concluded, as a matter of law, that defendants had waived any right to a defense of such eviction.

Defendants' testimony indicated two breaches of covenants which might have constituted constructive eviction. Defendants claimed that plaintiff failed to supply heat and water to the premises and had stored drip gasoline in the basement of the Lybrook Inn. Their testimony, however, indicates that they did not leave the premises until more than nine months after any of the incidents relied on for eviction occurred.

It is a well recognized general principle of law that one claiming constructive eviction must vacate the premises within a reasonable time after the commission of the offenses which deprive the tenant of beneficial use of the premises. Charles E. Burt, Inc. v. Seven Grand Corporation, 340 Mass. 124, 163 N.E.2d 4; McNally v. Moser, 210 Md. 127, 122 A.2d 555, 60 A.L.R.2d 388; Powers v. Merkley, 293 Mich. 177, 291 N.W. 267. However, the general rule is subject to an important qualification. Reoccurrence of conditions or reliance on promises by the landlord to correct the deficiency may create a justifica-

**304**

tion for delay in vacating the premises. In such a situation the reoccurrences or the promises can create a jury question as to the reasonableness of the tenant's continued occupancy after the landlord's breach occurs. See 91 A.L.R.2d 654 et seq.; Barfield v. Damon, 56 N.M. 515, 245 P.2d 1032.

Defendants were not allowed to introduce evidence of conditions and happenings after December 31, 1956. If such evidence had been admitted and considered, it might have shown justification for defendants' delay in vacating the property.

The cause must be remanded to the trial court, at which time the court should receive evidence of the situation after December 31, 1956, because, as we have indicated above, the lease was still in effect and the evidence is necessary to a determination of whether minds might differ as to the reasonableness of the tenant's delay, thereby creating a jury question.

There is another reason why the cause must be remanded. Defendants filed a cross-claim for damages suffered as a result of plaintiff's failures and actions up to the time they vacated the premises. Evidence which related to damages alleged in the cross-claim should have been admitted.

The last contention of defendants is that the trial court erred when it held that plaintiff's covenants to provide light, water, heat and gas for the barroom in Lybrook Inn and for the trailer, and the covenant to operate Lybrook Inn in an orderly, clean, proper and lawful manner, were independent covenants, and that a breach of those covenants did not entitle defendants to leave the premises and avoid future rent. We decline to rule on this contention in view of the fact that the case must be remanded to the trial court for a determination of the question of constructive eviction before the matter of the dependency of the covenants becomes decisive.

Upon remand, the trial court shall hear evidence of occurrences after December 31, 1956, in order that consideration be given to possible justification for defendants' delay in vacating the premises, which would entitle them to raise the defense of constructive eviction. Evidence concerning the same period should also be presented so that defendants may properly show any damages suffered as a result of the allegations of their counterclaim.

The cause is reversed and remanded with direction to set aside the judgment heretofore entered, to reinstate the cause on the trial docket, and to proceed in a manner consistent with the views herein expressed.

It is so ordered.

MOISE and COMPTON, JJ., concur.