419 P.2d 450

Fausto NOCE, Executor of the Last Will and Testament of Blas Noce, aka Blas Noche, deceased, and Elvira P. Noce, aka Elvira P. Noche, Plaintiffs-Appellees,

v.

Doyle R. STEMEN and Marietta Stemen, Defendants-Appellants.

No. 8005.

Supreme Court of New Mexico.

Oct. 24, 1966.

Robertson & Reynolds, Silver City, for appellants.

E. Forrest Sanders, William W. Bivins, Las Cruces, for appellees.

## OPINION

COMPTON, Justice.

Plaintiffs brought this action against the defendants to recover rents allegedly due under a written lease, and for damages to the leased premises. The defendants defended on the ground that the lease had been terminated by operation of law. The trial judge found that plaintiffs were entitled to recover the rentals due and damages for injury to the premises. Judgment was entered accordingly and the defendants appeal.

The sole question is whether there was a surrender and acceptance of the leased premises by act and operation of law. There is no appeal from the award for damages to the premises.

The appellees, as lessors, and the appellants, as lessees, entered into a written lease whereby the appellants leased the premises for a term of four years commencing March 1, 1962, rent payable in monthly installments of $100.00. The appellants paid monthly rentals through the first half of June, 1964, but made no payments thereafter.

The appellants point to certain acts which they claim are so inconsistent with the existence of a landlord and tenant relationship as to constitute surrender by operation of law. They emphasize the facts that the appellees received the $50.00 rent payment to June 15, 1964, and retained the keys to the premises mailed to them by the appellants from California. Whether acceptance of the money and retention of the keys by the appellees effected a surrender of the premises depended upon the facts and circumstances, and the lessors' intent in retaining the keys. Kennedy v. Nelson, 76 N.M. 299, 414 P.2d 518. Mere acceptance of keys and partial rentals by a landlord without more does not terminate a lease nor relieve a tenant of his rental obligations. Jones, Landlord and Tenant, § 539; McAdam, Landlord and Tenant (5th ed.) § 323; Tiffany, Real Property (3d ed.) § 962; 3A Thompson, Real Property, § 1346, page 642; 32 Am.Jur., Landlord and Tenant, § 906; and 51 C.J.S. Landlord and Tenant § 125.

Appellants also point to the fact that appellees removed the air conditioning unit from the premises thereby making it impossible to carry on appellants' business. This issue was litigated and resolved in appellees' favor. The evidence shows that the unit was removed only after appellants had abandoned the premises, and that it was removed for the purpose of making repairs. In Heighes v.

Porterfield, 28 N.M. 445, 214 P. 323, we held that the landlord's entering and caring for the premises after the tenant's abandonment did not effect an acceptance of surrender. See, also, Tiffany, Real Property, supra; 3A Thompson, Real Property, § 1345, page 636; 32 Am.Jur., Landlord and Tenant, § 907; and 51 C.J.S. Landlord and Tenant, supra.

 Appellants point to the further fact that appellees tried to lease the premises to a third party after they left the premises. There is a conflict in the evidence in this regard and the issue was resolved in appellees' favor by the trial court. But even had the appellees attempted to procure a new tenant, this act would not necessarily constitute an acceptance of appellants' surrender, depending upon the lessors' intent, either expressed or implied. Armijo v. Pettit, 32 N.M. 469, 259 P. 620. In Heighes v. Porterfield, supra, it was recognized that a landlord may rent the leased premises on behalf of the tenant, the tenant remaining liable for any rents due for the unexpired term. See, also, McAdam, Landlord and Tenant (5th ed.) § 322; Tiffany, Real Property, supra; and 3A Thompson, Real Property, supra.

 Further, the appellants point to the facts that they removed their equipment from the premises with appellees' consent; that a sign was placed on the driveway of the leased premises advertising a nearby business. They argue that these facts show an acceptance of the surrender. The trial court obviously was not impressed by these facts. Mr. Noce testified to the effect that he was not aware of the possibility of perfecting a lien on the equipment, and that the sign was placed on the premises without his knowledge, after appellants ceased their operations. The question whether the acts and circumstances here amounted to a surrender and acceptance was one for the fact finder. His findings against the appellants have substantial support in the evidence and should not be disturbed. See Elliott v. Gentry, 40 N.M. 358, 60 P.2d 203. See, also, Rauth v. Dennison, 357 S.W.2d 201 (Mo.App.); Tiffany, Real Property, supra; 3A Thompson, Real Property, § 1344, page 627; and 51 C.J.S. Landlord and Tenant § 126. In Elliott v. Gentry, supra, we said:

"The burden is on the party relying on a surrender of a lease to prove it, and where it is to be inferred from circumstances inconsistent with intention to perform, the proof must be clear. * * *"

We conclude that the lease was not terminated by act and operation of law. Finding no error, the judgment should be affirmed.

It is so ordered.

MOISE, J., and WALDO SPIESS, Judge of Court of Appeals, concur.