## DETERMINED NI THE

# SUPREME COURT

## OF THE STATE OF NEW MEXICO

### JANUARY TERM, 1912

[No. 1461, January 30, 1912.]
[Quo Warranto.]

## THE STATE OF NEW MEXICO, ex rel, O. L. OWEN, Relator, v. GEORGE H. VAN STONE, Respondent.

### SYLLABUS (BY THE COURT).

1.  Const. art. 6, sec. 3, gives the Supreme Court original jurisdiction in quo warranto against all state commissions, etc., as well as a superintending control over all inferior courts, with power to issue all writs necessary for the complete exercise of its jurisdiction, and section 13 gives the district courts original jurisdiction in all matters not excepted in the Constitution, and provides that such courts shall have power to issue writs of quo warranto, certiorari, etc., and all other writs, remedial or otherwise, in the exercise of their jurisdiction. Held, that the jurisdiction of the Supreme Court in quo warranto against state commissions and officers, while original, was concurrent with that of the district courts and not exclusive.

2.  St. Anne, c. 20, 1710, relating to informations in the nature of quo warranto, is a part of the common law.

3.  The granting or refusal of leave to file an information in the nature of quo warranto rests in the court's sound discretion, at least where requested by a private suitor.

4.  The Supreme Court will, in the exercise of its discretion, refuse leave to file an information in the nature of quo warranto at the instance of a private person if an inferior court also has jurisdiction, so that it will not grant leave to file an information to try title to the office of Corporation Commissioner, but will leave relator to apply to the district court.

Petition for quo warranto by the State, on the relation of O. L. Owen, against George H. Van Stone. Petition dismissed.

FRANK W. CLANCY, Atty. Gen., and H. D. TERRILL, for relator.

NEILL B. FIELD, FRANCES C. WILSON, and CHESTER D. CLEVELAND, for respondent.

## OPINION OF THE COURT.

PARKER, J.—This is a petition for leave to file an information in the nature of a quo warranto. A rule was issued against the respondent requiring him to show cause why leave should not be granted to file the information. Upon the return day, a motion to discharge the rule was interposed by the respondent, and the matter argued before the court by counsel for the respective parties. It appears that the relator was a candidate at the recent first state election for the office of Corporation Commissioner, and that the canvassing board appointed by the enabling act declared the respondent elected to that office and issued him a certificate of election in conformity with the provisions of that act. Relator accompanied his motion for leave to file the information with affidavits showing, or tending to show, that he was defeated for the office by reason of a mistake made in his name upon the printed ballot which was issued by the probate clerk in two of the counties of the state; his name appearing upon the said ballots as Sol Owen, instead of O. L. Owen.

The original jurisdiction of this court which is invoked is that conferred by section 3 of article 6 of the Constitution of the state, the provisions of which are as follows: ' Sec. 3. The Supreme Court shall have original jurisdiction in quo warranto and mandamus against all state officers, boards and commissions, and shall have a superintending control over all inferior courts; it shall also have power to issue writs of mandamus, error, prohibition, habeas corpus, certiorari, injunction and all other writs necessary or proper for the complete exercise of its jurisdiction and to hear and determine the same. Such

writs may be issued by direction of the court or by any justice thereof. Each justice shall have power to issue writs of habeas corpus upon petition by or on behalf of a person held in actual custody, and to make such writs returnable before himself or before the Supreme Court, or before any of the District Courts or any judge thereof."

In support of the petition for leave to file the information, it is urged that this court has exclusive original jurisdiction where the proceeding is against a state officer, as in this case. It is contended that the grant of jurisdiction to district courts does not include the concurrent jurisdiction in such cases. The grant to those courts is contained in section 13 of the same article, and is as follows: "Sec. 13. The district court shall have original jurisdiction in all matters and causes not excepted in this Constitution, and such jurisdiction of special cases and proceedings as may be conferred by law, and appellate jurisdiction of all cases originating in inferior courts and tribunals in their respective districts, and supervisory control over the same. The district courts or any judge thereof, shall have power to issue writs of habeas corpus, mandamus, injunction, quo warranto, certiorari, prohibition, and all other writs, remedial or otherwise in the exercise of their jurisdiction; provided, that no such writs shall issue directed to judges or courts of equal or superior jurisdiction. The district courts shall also have the power of naturalization in accordance with the laws of the United States. Until otherwise provided by law, at least two terms of the district court shall be held annually in each county, at the county seat." The argument culminates with the proposition that this court must take jurisdiction of the case, otherwise the relator will be remediless.

We think the argument for relator faulty in several particulars. In the first place, the grant of jurisdiction to this court is not exclusive in terms. Had the constitutional convention intended to make the jurisdiction exclusive, it is to be presumed that it would have clearly so indicated. It refrained from so doing.

It is further urged that the grant of jurisdiction to this court is specific, while the grant to district courts is general, and the principle, sometimes applied in the interpretation of conflicting sections of statutes or Constitutions, that specific terms will not be controlled by general words in another part of the statute or· Constitution, or in a subsequent statute, is invoked. It is evident to our minds, however, that this principle has no application in this connection. It is to be remembered that this court is fundamentally a court of review. The mere name Supreme Court, in the light of the history of our institutions, thus establishes its character. It is expressly given plenary power of review and superintending control over all inferior courts. It is made the final arbiter of the rights of our citizens and of the state. Such powers and jurisdiction are inconsistent, to the professional mind, with the exercise of any original jurisdiction. It became necessary, therefore, when it was deemed wise to confer upon this court certain original jurisdiction, to specifically point out its scope and specifically define its limits. In no other way could the result desired be accomplished. It seems clear that this grant is not, in legal contemplation, a specific grant of original jurisdiction, in the sense that it will exclude jurisdiction of other courts, but is, rather, a grant of original jurisdiction, which is merely specifically defined and limited. On the other hand, the grant of original jurisdiction to the district courts is general and comprehensive and extends to every kind and form of controversy not excepted in the Constitution, and includes specifically quo warranto. The grant of original jurisdiction to this court in this class of cases can in no sense be said to be an exception within the meaning of the Constitution and does not operate to exclude the district courts under their general powers.

We have then a case of a grant of original jurisdiction to two courts in two separate sections of the Constitution over the same subject-matter, in such a case the jurisdiction will be held to be concurrent. Jones v. Reed, 3 Wash. 57, 27 Pac. 1067.

This court, as well as the district courts, having jurisdiction, the question next arises whether it is necessary or proper for this court to exercise the jurisdiction in all cases of this character when invoked.

Previous to the statute of Anne (9 Anne, c. 20, A. D. 1710) the information in the nature of a quo warranto was employed exclusively as a prerogative remedy and was never employed as a remedy in behalf of a private citizen to contest the title to an office or franchise. The statute of Anne, a part of our common law (Albright v. Territory, 13 N. M. 64, 79 Pac. 719), brought into the law an entirely new feature, namely, the right of a private citizen to employ the information to try title to office. High, Ex. Leg. Rem. sec. 602.

**2**

It is provided in the act itself that the information may be filed only upon leave of the court. Hence it has come almost universally to be held, at least in cases of this kind by a private suitor, that the granting or refusal to grant the leave to file the information is a matter resting in the sound discretion of the court. High. Ex. Leg. Rem. secs. 605, 616; People v. Chicago, 193 Ill. 507, 62 N. E. 179, 58 L. R. A. 833; State v. Kent. 96 Minn. 255, 104 N. W. 948, 1 L. R. A. (N. S.) 826, 6 Ann. Cas. 905. Whether this is true, in cases brought by the Attorney General, ex officio, it is not necessary to decide.

**3**

What considerations, then, should govern our discretion? The most forceful consideration, and the one most often relied upon by the courts of the several states, is that, where there is a court of general original jurisdiction possessing plenary powers over the proceeding, the court of last resort should not, except in unusual cases, entertain jurisdiction. The reason for the doctrine is apparent. Courts of general original jurisdiction are more convenient to litigants, have better facilities for a complete exercise of the jurisdiction, and are the tribunals charged by all American Constitutions with the settlement, in the first instance, of all controversies, with a few limited exceptions. But the more important reason

is that it has been deemed wise that there shall be in all cases, as nearly as possible, a means of review of all final judgments determining the rights of the citizen by a court disassociated from all connection with the actual trial and having the time, means, and opportunity for mature consideration of the same. In this way the rights of the people have been found to be best subserved and protected.

Another consideration advanced in cases of this kind by many courts, is that a court of last resort should not entertain the jurisdiction unless the case is publici juris; that is, a case which affects the sovereignty of the state, its franchises or prerogatives, or the liberties of its people. Indeed, this doctrine has been so far extended in some of the states as to amount to a positive limitation upon the jurisdiction. It is said in some of those cases that, while the grant of jurisdiction is in general terms, the jurisdiction is not a general jurisdiction in all cases, but, by reason of the nature of a court of last resort, and its proper place in the structure of the state government, the jurisdiction is limited to questions in which the state at large is interested as to its prerogatives or franchises or the liberties of its people. In other cases an exception is ingrafted upon this limitation in favor of the jurisdiction in cases of great emergency, or where a refusal to entertain the jurisdiction would amount to a denial of justice. Homesteaders v. McCombs, 24 Okl. 201, 103 Pac. 691, 20 Ann. Cas. 181; State v. Cobb, 24 Okl. 662, 104 Pac. 361, 24 L. R. A. (N. S.) 639; People v. District Court, 37 Colo. 443, 86 Pac. 87, 92 Pac. 958, 13 L. R. A. (N. S.) 768; People v. Chicago, 193 Ill. 507, 62 N. E. 179, 58 L. R. A. 833.

We have cited but few cases for the reason that in the annotations accompanying the cases cited above all the authorities are collected and digested. Many of the cases collected are not quo warranto cases, but the same principles are applied to all of the extraordinary writs. We do not agree with some of the distinctions, limitations, or reasoning of the courts in the cases above mentioned as

applicable to this jurisdiction. In Washington and Wyoming, the only two states where the constitutional provision is identical in terms with ours, the exact question seems not to have been determined so far as we are advised.

In view of the fact that we are just entered upon statehood, and that the doctrine now announced will probably endure for a long time, we have approached the subject with the greatest care and caution. The unanimous opinion of the court is as follows:

Under the provisions of sections 3 and 13 of article 6 of the Constitution, this court and the district courts each has original jurisdiction in quo warranto and mandamus against all state officers, boards, and commissions in all cases, whether the proceeding be instituted by the Attorney General, ex officio, in behalf of the state for some prerogative purpose, or be brought by some private person for the assertion of some private right.

2. This court, in the absence of some controlling necessity therefor, of the existence of which this court is sole judge in each instance, should decline such jurisdiction and will do so in all cases brought at the instance of a private suitor. What will be considered by this court as a controlling necessity, it would be impossible, and indeed improper, to attempt to define in advance.

3. In the case at bar no controlling necessity is suggested. The sole necessity relied upon by counsel for relator in argument is the absence of any other forum with jurisdiction to try the case. In this he is in error, as we have above seen. The proceeding is instituted solely at the instance and for the sole benefit of relator; the state being merely a nominal party. It is essentially an election contest and no reason is, or can be, we assume, assigned why the rights of relator may not as well as, or better, be determined in the proper district court.

In reaching this conclusion we are not unmindful of the importance to parties and the electors of the determination of the question involved between the parties. If we

could see how injury could result to either, a different question would be presented. We take this position so that, as we see it, this court will at once be placed in its proper position in the state government and the symmetry of the judicial system at once be declared and established.

For the reasons stated, the rule to show cause will be discharged, and the petition of relator will be dismissed, without prejudice to a renewal of the same in the proper district court.