258 P.2d 377

**STATE ex rel. SWAYZE et al. v. DISTRICT COURT OF FIFTH JUDICIAL DIST. et al.**

**No. 5640.**

Supreme Court of New Mexico

June 10, 1953.

G. L. Reese, Sr., Roswell, G. L. Reese, Jr., Carlsbad, for petitioners.

Donald Brown, Roswell, for respondents.

McGHEE, Justice.

The petitioners seek a writ prohibiting the respondents taking further proceedings having as their object the appointment of a

receiver for farming lands which are in part deeded lands and the balance state lands held under lease by the administratrix of the estate of Edward F. Bartlett, deceased.

The real parties in interest are the petitioners, who are children of Bartlett, and his surviving widow, the latter claiming to have inherited a five-eighths' interest in the property left by the deceased, which is disputed by the petitioners. The application for the receiver was made in a suit filed by the widow to establish such claim, in which she asked the receiver be authorized to rent the lands and collect the rents.

The lands were rented by the petitioners to tenants for the crop year of 1953 for a share of the crops or their proceeds as rentals, and such lease antedated the application for the appointment of a receiver.

The petitioners base their claim for the writ of prohibition upon two grounds, as follows:

1. The tenants are in possession of the lands under the leases and have not been made parties to the suit, and that the trial court is without jurisdiction to appoint a receiver until they are made parties.

2. The court does not have jurisdiction to appoint a receiver for the lands covered by the state lease for the reason the State of New Mexico is not a party to the action.

The petitioners moved to dismiss the application for a receiver and at the conclusion of a hearing thereon the trial judge announced he would hear the testimony and if, in his opinion, the evidence warranted such action he would appoint a receiver to take charge of the deeded lands, but would limit his power as to the leased land to collecting the landlord's share of the rent to accrue thereon. Application was then made to this court for an alternative writ of prohibition forbidding further proceedings on the application for a receiver, and we granted such writ.

The petitioners cite Ex parte Renfro, 1925, 115 Tex. 82, 273 S.W. 813, 40 A. L.R. 900, and annotation following at 903, with other authorities, to the effect a receiver may not summarily take possession of property held or claimed by one not a party to the action in which the receiver was appointed unless suit be filed and the claimant given his day in court. They also rely on the holding of this court to the same effect in State ex rel. Parsons Mining Co. v. McClure, 1913, 17 N.M. 694, 133 P. 1063, 47 L.R.A.,N.S., 744, Ann.Cas.1915B, 1110. They have not, however, cited any authority holding a tenant is a necessary party to the appointment of a receiver. It is only when the receiver attempts to take possession of property held under claim of right by another not a party to the receivership action that he must be brought into court by proper process. See cases cited

supra, and 1 Tardy's Smith on Receivers (2nd Ed.) Sec. 248.

■ In the brief submitted on behalf of the surviving widow, it is urged the tenants were made parties under the title of unknown claimants, and are now before the lower court. Such service upon one occupying land confers no jurisdiction whatever on the court out of which it issued. Christmas v. Cowden, 1940, 44 N.M. 517, 105 P.2d 484; Pankey v. Ortiz, 1921, 26 N.M. 575, 195 P. 906, 30 A.L.R. 92; Priest v. Board of Trustees of Town of Las Vegas, 1911, 16 N.M. 692, 120 P. 894, affirmed, 1914, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751.

We conclude the respondent was not threatening to act in excess of his jurisdiction in respect to the deeded lands.

■ We have a somewhat different situation with respect to the land held under lease from the State of New Mexico, which is personal property. American Mortgage Co. v. White, 1930, 34 N.M. 602, 287 P. 702. It is true a court of equity will not appoint a receiver for property held by an administrator unless there be very strong grounds therefor, 21 Am.Jur., Executors & Administrators, sec. 29 and annotation in 72 Am.St. Reports 29, at page 63, but the question is not whether the lower court is about to act erroneously, but without jurisdiction.

The petitioners rely upon our decisions in State ex rel. Del Curto v. District Court of Fourth Judicial District, 1947, 51 N.M. 297, 183 P.2d 607, and Burguete v. Del Curto, 1945, 49 N.M. 292, 163 P.2d 257, to defeat the jurisdiction of the trial court to appoint a receiver to collect the rents because of the fact the State of New Mexico is not and cannot be made a party to the suit, absent legislative authority. The lease is held by the administratrix in her official capacity for the benefit of those who may be adjudged the lawful distributees of the decedent. The crucial question decided in the Del Curto cases was that to permit the successful prosecution of the case against the party holding a lease from the Commissioner of Public Lands for an interest therein would be to impose a new tenant upon the state without its consent, and that such could not be done when the state was not a party to the action. It was also held the Commissioner of Public Lands could not enter the appearance of the state without legislative authority for such act. Here the trial court does not propose to appoint a receiver for the state lands, but only to direct him to collect the landlord's share of the rent, if the evidence justifies such action. We cannot see this would be imposing a new tenant upon the state any more than would the levy of an execution upon an animal raised on land under lease

from the state and its sale interfere with the rights of the state. The doctrine of the Del Curto cases has caused sufficient mischief as written and we are not disposed to extend it.

We conclude, therefore, the respondent was not threatening to act in excess of his jurisdiction as to the state land.

The alternative writ of prohibition was improvidently issued and will be discharged.

It is so ordered.

COMPTON, COORS and LUJAN, JJ., concur.

SADLER, C. J., not participating.