383 P.2d 258

B. A. YARBRO, also known as Beuford Yarbro, Appellant,

v.

E. T. KOURY, Appellee.

No. 7223.

Supreme Court of New Mexico.

June 24, 1963.

296

James L. Dow, Carlsbad, for appellant.

Neal & Fort, Carlsbad, for appellee.

MOISE, Justice.

Under date of April 4, 1958, defendant
made, executed and delivered to plaintiff a
promissory note in the amount of $24,000
payable one year after date with interest at
6% per annum, payable annually, and pro-
viding for a $500.00 attorney fee in the
event of suit to collect or employment of an
attorney for such purpose. At the same
time, a writing was executed and deliv-
ered by defendant which was in words and
figures, as follows:

"Phoenix, Arizona
"April 4, 1958

"I, B. A. Yarbro, the undersigned, in
consideration of a verbal contract,
which I recognize and accept, made
with Mr. E. T. Koury in the Spring
of 1956, in accordance with which I
agreed to hold said Mr. Koury harm-
less as a result of any investments
made in reliance on my advice and
direction, do hereby grant to said Mr.
Koury the attached promissory note in
the amount of twenty four thousand
($24,000) dollars, payable in one year

at six per cent interest, as reimbursement for the amounts lost by said Mr. Koury, or parties whom he represented, as a result of said investments.

"/s/    B. A. YARBRO
        "B. A. YARBRO

"STATE OF ARIZ.
"COUNTY OF MARICOPA
        "April 5–58

"(SEAL)  /s/  J. L. WILLMOTH
        "Notary Public

"My Commission Expires
    August 26, 1959"

Under date of April 22, 1959, another note in the principal amount of $2,489.72 was made, executed and delivered by defendant to plaintiff. This note was payable three days after date, bore interest at 6% per annum, and provided for a reasonable attorney fee if turned over to an attorney for collection.

On July 7, 1959, both notes being past due and unpaid, suit was commenced in the district court of Eddy County, New Mexico. In the complaint it was alleged that defendant was a resident of Phoenix, Arizona. Judgment was sought for principal, interest and attorney fees on both notes, and upon the filing of proper affidavits that a writ of attachment issue against the interest of defendant in certain lands in Eddy County, described in the complaint.

No writ of attachment was ever issued, and process was served personally on defendant in New Mexico on September 21, 1960, some fourteen months after the action was commenced.

On October 7, 1960, defendant answered the complaint denying that he made, executed or delivered either note, and alleged that both were given without consideration.

Thereafter, on January 26, 1961, the case was set for trial on February 8, 1961. This setting was vacated at the request of defendant, and the case reset for February 28, 1961. On February 16, 1961, plaintiff requested a continuance, which was granted. The setting previously made was vacated and thereafter nothing further was done to try the case until January 12, 1962, when the case came on for trial on its merits before Judge John R. Brand. On that day defendant filed a motion to dismiss under § 21–1–1(41) (e), N.M.S.A.1953, because of the alleged failure of the plaintiff to take any steps to have the action finally determined within two years after the filing of the complaint.

At the commencement of the trial the court orally denied the motion to dismiss, and the case was then tried to the court without a jury, resulting in a judgment in favor of plaintiff on both notes.

From this judgment defendant appeals, asserting two points relied on for reversal. He argues first, that the court erred in

overruling his motion to dismiss under § 21-1-1(41) (e), N.M.S.A.1953, and second, that the court erred in refusing to admit certain testimony of two witnesses tendered by defendant. He concedes that if his first point is held to be without merit, the plaintiff would be entitled to judgment as prayed on the note for $2,489.72.

We have already detailed the dates of the various proceedings in the case. This was done so that the position of defendant could be understood. It will be noted that on January 12, 1962, when the motion to dismiss was made, some two and one-half years had elapsed since the case was filed on July 7, 1959. At the same time, it has been pointed out that some fourteen months of the time elapsed before service of process was accomplished on September 21, 1960. The specific question presented and which we must answer is whether the running of the two-year statute was tolled during this fourteen month period because, if it was, less than two years passed thereafter before trial was had.

In Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, Justice McGhee, speaking for the court, said the following:

"Construing Rules 41(b) and 41(e) together, we hold that except where the time is tolled by statute, such as the Soldiers' and Sailors' Relief Act of 1940, § 201, 50 U.S.C.A.Appendix, `§ 521, or *unless process has not been served because of inability to execute it on account of the absence of the defendant from the state,* or his concealment within the state, or unless from some other good reason, the plaintiff is unable, for causes beyond his control, to bring the case to trial, the provision for dismissal is mandatory." (Emphasis supplied).

To our minds, the language emphasized in the quotation disposes of this point adversely to defendant. He would avoid what we consider the plain language, by reading "absence of the defendant from the state" as if it read "absenting of the defendant from the state" and argues that the rule was not intended to be applied where the defendant was a non resident and it was known that personal service would be difficult, delayed, or perhaps impossible. With this argument we cannot agree, and perceive of no reason why inability to obtain service in the state on a non resident should require a different result than inability to serve a resident when he has gone into another state and thus avoided service.

In this connection, we would note that since adoption of § 21-3-16, N.M.S.A.1953, providing for personal jurisdiction in our courts in certain cases even though service is not made within the state, possibly the

reason for the exception discussed above is no longer present. However, we do not express an opinion upon this question because it does not appear in the record if this was a case where § 21–3–16, N.M.S.A.1953, applied, and neither does defendant advance any claim such as is suggested.

■ Defendant's second point asserts error in excluding testimony of two witnesses, which was tendered by defendant. Without setting forth the details of the testimony, since to do so would in no way be helpful or instructive, it is sufficient to state that as we understand the tenders, the witnesses would have testified, if permitted to do so, concerning the exact nature of the prior agreement made in the spring of 1956 and referred to in the April 4, 1958, writing quoted above.

It is defendant's position that the evidence was admissible because the April 4 agreement referred to but did not state the contents of the oral agreement and defendant should have been permitted to establish his version which would in turn show a failure of consideration. It is also argued that the April 4 document was ambiguous and the testimony was admissible to explain the ambiguities.

We do not think there is any disagreement on the law concerning admissibility of parol evidence in connection with writings. Both parties cite and rely on Baca v. Fleming, 25 N.M. 643, 187 P. 277, and the defendant quotes therefrom:

"It is well settled that where the terms of a written contract are silent as to the subject-mattter of a parol contemporaneous agreement, and such parol agreement does not contradict the terms of the written contract, the party may recover for a breach of such parol agreement, and the proof of its contents is admissible."

He fails to quote the next sentence, to-wit:

"But such parol agreement, to be enforceable, must be in respect of a matter distinct from that covered by the written contract, and a party to such a contract cannot by parol set up in the guise of a separate contract something which devitalizes the writing and changes or aborts the stated purpose thereof."

The difficulty with his position is thus apparent. The parol agreement referred to in the April 4 writing was prior and not contemporaneous, and as we read the April 4 document, it is not silent concerning the 1956 agreement. It states clearly that in the agreement of the spring of 1956 the defendant agreed to hold the plaintiff "harmless as a result of any investments made in reliance on my (defendant's) advice and direction." Also, as we understand the

**300**

tenders, the proof offered would have varied or contradicted the quoted language from the April 4 writing and would thus "abort the stated purposes thereof." It follows from what has been said that Baca v. Fleming, supra, is not authority for what defendant was undertaking to do but supports plaintiff's position.

Neither do we see ambiguity in the April 4 writing. As was stated in Ashley v. Fearn, 64 N.M. 51, 323 P.2d 1093, "where the terms of an agreement in writing are clear, intent must be ascertained from the language used. But where there is an ambiguity, intent may be ascertained from the language and conduct of the parties and the surrounding circumstances." The question of whether or not an ambiguity is present is an issue of law. Jernigan v. New Amsterdam Casualty Company, 69 N.M. 336, 367 P.2d 519. We are clear that the writing was not ambiguous and that the court correctly refused to permit the witnesses to testify concerning the content and purpose of the prior agreement. Compare Hyde v. Anderson, 68 N.M. 50, 358 P.2d 619.

Neither of defendant's points having merit, it follows that the judgment of the trial court should be affirmed. It Is So Ordered.

CHAVEZ and NOBLE, JJ., concur.