420 P.2d 131

Raymond E. SITTA, Individually, Raymond E. Sitta, d/b/a Sitta-Huie Ranch, Bruce Brimhall, Individually, and Paul Velasquez, Individually, Petitioners,

v.

The Honorable Frank B. ZINN, Judge of Division II of the Eleventh Judicial District, Respondent.

No. 8221.

Supreme Court of New Mexico.

Nov. 14, 1966.

Beavers & Caton, Farmington, for petitioner Sitta.

White & Musgrove, Farmington, for petitioners Brimhall and Velasquez.

B. J. Baggett, Farmington, for respondent.

## OPINION

MOISE, Justice.

Petitioners were defendants in a proceeding filed in the district court less than two years before the effective date of Ch. 132, N.M.S.L.1965. After the passage of two, but less than three years from the date of filing, the case not having been finally determined, motion to dismiss under Rule 41(e) was filed. After hearing, the motion was overruled because the court considered Ch. 132, N.M.S.L.1965, to be applicable. A writ of prohibition and mandamus was sought in this court and an alternative writ issued. No question is presented concerning our jurisdiction or power to proceed in this manner.

We are here called upon to determine if Ch. 132, N.M.S.L.1965, is applicable to civil actions or proceedings pending when it went into effect.

Rule 41(e) (1) reads, as follows:

"In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein

has failed to take any action to bring such action or proceeding to its final determination for a period of at least two [2] years after the filing of said action or proceeding or of such cross-complaint unless a written stipulation signed by all parties to said action or proceeding has been filed suspending or postponing final action therein beyond two [2] years, any party to such action or proceeding may have the same dismissed with prejudice to the prosecution of any other or further action or proceeding based on the same cause of action set up in the complaint or cross-complaint by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

The rule as adopted is a copy of Sec. 1, Ch. 121, N.M.S.L.1937, except there is omitted therefrom the provision that no pending action should be dismissed until ninety days after the act became effective. This deletion was made in 1942 after the decision of this court in City of Roswell v. Holmes, 44 N.M. 1, 96 P.2d 701, hereinafter discussed.

That case was the first to reach this court wherein Ch. 121, N.M.S.L.1937, and its proper application, were considered. We there held that the courts have inherent power to dismiss actions for failure to prosecute them diligently. We then said that Ch. 121, N.M.S.L.1937, was a procedural statute and that the legislature's efforts to make it apply to pending cases after ninety days from and after the effective date of the act was unconstitutional as an attempt to change the rules of procedure in pending cases in contravention of Art. IV, § 34, of the New Mexico Constitution, which reads:

"No act of the legislature shall affect the right or remedy of either party, or change the rules of evidence or procedure, in any pending case."

By Ch. 132, N.M.S.L.1965, the legislature purportedly amended Rule 41(e) so as to increase the time for taking action to bring proceedings to a final determination from two years after filing to three years and, in addition, to exempt entirely from the rule's operation proceedings wherein jury action had been demanded.

We see no escape from the conclusion that Ch. 132, N.M.S.L.1965, is just as much a procedural statute as was Ch. 121, N.M.S.L.1937, its predecessor, and that the changes therein incorporated can no more be constitutionally applied in a pending case than could the provisions of Ch. 121, N.M.S.L.1937, as held in City of Roswell v. Holmes, supra.

We have considered the argument to the effect that the conclusion reached in City of Roswell v. Holmes, supra, would have been otherwise except for the fact that the statute provided for a change from dismissal without prejudice to one with preju-

dice. We do not so understand that case. The court clearly stated the view that the statute was procedural and undertook to change rules of procedure in pending cases in violation of Art. IV, § 34, of the Constitution. Insofar as the change from dismissal without prejudice to one with prejudice it merely noted that possibly the change was one affecting a substantive right in which event the result would be no different.

We recognize as present certain questions relative to the power of the legislature to enact the change in view of Art. III, § 1, of the New Mexico Constitution, providing for separation of powers of our three coordinate branches, and the legislature's adherence thereto by its adoption of ch. 84, N.M.S.L.1933 (§§ 21–3–1 and 21–3–2, N.M.S.A.1953) which was held in State v. Roy, 40 N.M. 397, 60 P.2d 646, 110 A.L.R. 1, to be nothing more than legislative recognition of the court's inherent power to promulgate rules regulating pleading, practice and procedure. However, in view of our disposition of the matter it is not necessary for us to consider or discuss the issue.

It follows from what has been said that the trial court acted in excess of its jurisdiction in holding ch. 132, N.M.S.L.1965, applicable in this case which was pending prior to its effective date, and in refusing to dismiss the action.

The alternative writ heretofore issued will be made permanent.

It is so ordered.

CARMODY, C. J., and CHAVEZ, NOBLE and COMPTON, JJ., concur.