421 P.2d 123

**FOUNDATION RESERVE INSURANCE COMPANY, Inc. and LaVon Lo-Pour, Plaintiffs-Appellants,**

v.

**JOHNSTON TESTERS, INC. and Jack Harlon Robinson, Defendants-Appellees.**

No. 8079.

Supreme Court of New Mexico.

Dec. 12, 1966.

Leslie D. Ringer, Santa Fe, for appellants.

Robert L. Christensen, Albuquerque, for appellees.

## OPINION

MOISE, Justice.

We must here determine if the court acted correctly in dismissing this cause under Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A. 1953). The record in the case discloses that it was filed September 13, 1961. Upon disqualification of the resident judge, Judge Federici of the Eighth Judicial District was designated to preside. The case was at issue January 12, 1962. On July 26, 1963, some twenty-two and one-half months after the action was filed, a letter dated March 29, 1963 from the judge to counsel of record was filed. This letter read:

"I have a request from Mr. Noble (plaintiff's counsel) to set the above matter down for hearing.

"At this time I don't know when I will be in Las Vegas—probably the first part of May, 1963."

On January 20, 1964 defendants' motion to dismiss under Rule 41(e) was filed. The following day, plaintiff's counsel filed in the case a second letter from Judge Federici, dated December 9, 1963, acknowledging receipt of a letter from Mr. Noble, dated December 7, 1963, stating, among other things, "I do not know when I can give you a setting." Thereafter, in 1965, the motion to dismiss was sustained by Judge Zamora, who had been designated to try the case.

Were the letters effective to establish diligence on the part of plaintiff to bring the case to final disposition within two years after it was filed?

Clearly, the letter of December 9, 1963, filed the day after the motion to dismiss, could not have this effect. Trujillo v. Harris, 75 N.M. 683, 410 P.2d 401; Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954.

In Martin v. Leonard Motor-El Paso, supra, we held that the filing of a motion seeking a trial setting and the taking of immediate steps to prepare for trial, even after more than two years had expired, when done before the motion to dismiss was filed, effectively met the requirement of taking action to bring the case to its final determination. We there observed that what would be required to satisfy the rule would have to be determined in each case.

Possibly, this cautionary statement was deemed appropriate because in Schall v. Burks, 74 N.M. 583, 396 P.2d 192, we held that the mere filing of a notice of hearing, not considered to amount to an actual and bona fide effort to get the case finally determined, did not prevent the running of the statute. Although we there said the effort had to be made within the two-year period, this was modified in Martin v. Leonard Motor-El Paso, supra, to permit its being done subsequent to the passage of two years, if done in good faith before the motion was filed. Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960, and Kennedy v. Nelson, 76

N.M. 299, 414 P.2d 518, recognized and followed the rule.

■ Although the cases discussed above unquestionably deny efficacy to the letter of December 9, 1963, they just as certainly dictate consideration of the letter of March 29, 1963, filed July 26, 1963. It is on the record, and was placed there before the motion to dismiss was filed. Although it is not a motion for a setting, it discloses beyond cavil that a good-faith attempt had been made to obtain a setting. Unquestionably, a more sincere attempt to get the case to trial and a much better chance of accomplishing this end is thereby shown than was established in Schall v. Burks, supra, by the routine filing of a notice of hearing soon after the case was at issue, and then permitting months to pass without calling it to the court's attention. In our view, the requirements of the rule and our decisions have been met. Compare Proctor v. Fez Club, 76 N.M. 241, 414 P.2d 219; Foster v. Schwartzman, 75 N.M. 632, 409 P.2d 267.

It follows that the trial court erred in its determination that action had not been taken as required by Rule 41(e) to prevent dismissal, and the order appealed from must be reversed and remanded with instructions to reinstate the cause on the docket and proceed in a manner consistent herewith.

It is so ordered.

CARMODY, C. J., and CHAVEZ and COMPTON, JJ., concur.

WOOD, J., concurs in the result.