427 P.2d 41

Robert L. MORE, Jr. and Ann More, his wife, Trustees, Plaintiffs-Appellants,

v.

Warren K. SHOEMAKER, Marshall Sellman and Dick Sellman, Defendants-Appellees.

No. 8187.

Supreme Court of New Mexico.

May 1, 1967.

Donald A. Martinez, Las Vegas, for appellants.

Modrall, Seymour, Sperling, Roehl & Harris, Frank H. Allen, Jr., Albuquerque, for appellees.

OPINION

CHAVEZ, Chief Justice.

This appeal is from an order of the trial court dismissing appellants' complaint under the provisions of Rule 41(e) (§ 21–1–1 (41) (e), N.M.S.A., 1953 Comp.), which provides that in any civil action, when it shall be made to appear to the court that the plaintiff has failed to take any action to bring such action to its final determination for a period of at least two years after the filing of said action, unless a written stipulation signed by all parties to said action has been filed suspending final action therein beyond two years, any party to such action may have the same dismissed with prejudice by filing a written motion moving the dismissal thereof with prejudice.

The record discloses the following:

| | |
|---|---|
| January 4, 1963 | Original complaint filed. |
| February 6, 1963 | Appellees granted until March 30, 1963, to answer. |
| March 28, 1963 | Appellees granted until May 1, 1963, to answer. |
| March 26, 1963 | Affidvait filed by one of appellants disqualifying Hon. Luis E. Armijo, resident Judge. |
| April 9, 1963 | Judge Fred J. Federici designated. |
| April 27, 1963 | Motion to dismiss and answer filed by appellees. |
| August 14, 1963 | Trial court sustained motions to dismiss and granted appellants 30 days to amend their complaint. |
| July 31, 1963 | Appellants filed amended complaint. |
| September 12, 1963 | Appellees answered amended complaint. |
| May 16, 1964 | Judge C. R. McIntosh designated to hear case due to resignation of Judge Federici. |
| August 2, 1965 | Appellees filed written motion to dismiss pursuant to Rule 41(e). |
| September 8, 1965 | Order designating Judge McIntosh was vacated, and the successor to Judge Armijo, Hon. Matias A. Zamora who appeared not to have been disqualified, became the resident district judge. |
| December 23, 1965 | Judge Zamora dismissed appellants' complaint under Rule 41(e). |

On August 4, 1965, by response to the motion to dismiss filed by appellees on August 2, 1965, appellants' attorney set forth correspondence between him and Judge Federici, requesting a setting. Judge Federici's reply dated September 11, 1963, states in part:

"At this writing I have no idea when I shall find time to hear the case because I am very busy with term of court in Union County and a Grand Jury in Taos County etc.

"If I am to hear the case in Vegas, it will be probably after the first of the year before I can hear it because I have an extended term of court here in Colfax County in December.

"If you attorneys want to hear the case here in Raton, I might be able to hear it probably sometime in November if you will alert me.

"I don't find much time to hear these cases where the resident Judge is disqualified because I am too busy in my own district."

It also appears that Judge McIntosh had not been able to hear the case "because of the back-log of cases which were pending in his district," however, this correspondence does not appear in the record proper.

Under point I, appellants contend that the trial court erred in dismissing the case, because the two-year period had not expired at the time the motion to dismiss was filed, relying on Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312. We find no merit in this contention. Appellants' amended complaint was filed on July 31, 1963, and appellees' motion to dismiss was filed on August 2, 1965.

In Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574, we said:

" * * * Neither do we perceive that our holding in Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312, is to the contrary nor is it of any aid to plaintiffs. A reasonable explanation for the holding in that case is that until the amended complaint was filed in response to a motion to make more definite and certain, the action in effect had not been commenced. This must have been the court's theory, otherwise the two years would have been computed from the date of original filing instead of from the date of filing of the response. We see no similarity between the situation passed upon in Vigil v. Johnson, supra, and the instant one."

See also, Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208, wherein we said:

" * * * Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574, restricted the application of Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312, to a situation where because of the filing of an amended complaint for failure of the original complaint to state a cause of action, the suit in effect had not been commenced until the

**692**

filing of the amendment. See, also, State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106."

■ Appellants next contend that the motion to dismiss should not have been sustained because they were unable, for reasons beyond their control, to bring the case to trial. Appellants argue that, due to the various designations of district judges, there was great difficulty in obtaining a judge to hear the case. These contentions are without merit and were answered in Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361. A district judge was available to appellants for over a year before the motion to dismiss was filed on August 2, 1965.

■ Under appellants' last point, it is contended that the letters attached to the response to the motion to dismiss, when considered with the record, show that ap-

pellants did not fail to take any action to bring the case to a final determination for a period of at least two years. We do not agree. This contention has been made repeatedly in this court and we have held that correspondence, not a part of the record proper, will not be considered. Appellants could have filed a written motion requesting that the case be set for trial prior to August 2, 1965. See, Western Timber Products Co. v. W. S. Ranch Company, supra; Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106; Sarikey v. Sandoval, 75 N.M. 271, 404 P.2d 108; Reger v. Preston, 77 N.M. 196, 420 P.2d 779.

Finding no error, the judgment is affirmed.

It is so ordered.

MOISE and COMPTON, JJ., concur.