432 P.2d 836

Kathleen McCLENITHAN, by her mother and
Next friend, Josephine McClenithan,
Plaintiff-Appellant,

v.

Juanita LOVATO, Defendant-Appellee.

No. 8412.

Supreme Court of New Mexico.

Oct. 23, 1967.

Lorenzo A. Chavez, Melvin L. Robins, Albuquerque, for appellant.

Civerolo, Cushing & Hansen, Albuquerque, for appellee.

## OPINION

COMPTON, Justice.

The question on appeal is whether the court erred in dismissing the plaintiff's complaint under the provisions of § 21–1–1 (41) (e) (1), N.M.S.A.1953. The pertinent provisions of the statute are:

"(1) In any civil action or proceeding pending in any district court in this state, when it shall be made to appear to the court that the plaintiff therein * * * has failed to take any action to bring such action or proceeding to its final determination for a period of at least

two [2] years after the filing of said action or proceeding * * * any party to such action or proceeding may have the same dismissed with prejudice * * * by filing in such pending action or proceeding a written motion moving the dismissal thereof with prejudice."

The complaint was filed September 30, 1964. The defendant filed her answer November 4, 1964. On that same day she filed an affidavit disqualifying the assigned judge from presiding in the case. Under the system utilized in Bernalillo County, the case was then automatically assigned to the judge of another division, the Honorable D. A. Macpherson, Jr. The plaintiff filed a demand for a jury shortly thereafter.

On April 6, 1965, the plaintiff moved for a protective order providing that plaintiff need not appear for the taking of depositions set for April 8, 1965, but that defendant might interpose interrogatories to the plaintiff to be answered by her. The motion was granted June 22, 1965, and the order was filed September 9, 1965.

On October 4, 1966, the defendant moved for a dismissal pursuant to § 21–1–1(41) (e), N.M.S.A.1953, which was granted. On the date of defendant's motion for dismissal plaintiff had not yet answered the defendant's interrogatories.

Plaintiff's appeal is based primarily on two factual circumstances affecting the placement of the case on the trial calendar. Customarily, in Bernalillo County, the jury trial calendar is set by placing cases with lower numbers on the calendar ahead of cases with higher numbers. Plaintiff contends that because of the high number of this case it could not have been placed on the calendar in time to fall within the two-year limit, and that the illness of Judge Macpherson during the two-year period after the complaint was filed prevented the case from coming to trial in the normal course.

In Ringle Development Corporation v. Chavez, 51 N.M. 156, 180 P.2d 790, certain exceptions to the mandatory language of the statute were held to be implied therein. Among these was the inability of the plaintiff to bring the case to trial for causes beyond his control. In a case similar to the one before the court, Western Timber Products Co. v. W. S. Ranch Company, 69 N.M. 108, 364 P.2d 361, where recusal of a judge caused a delay of several months, this court ruled that such circumstances did not bring the case within the exception stated in Ringle Development Corporation v. Chavez, supra. Similarly, in Brown v. Davis, 74 N.M. 610, 396 P.2d 594, delays caused by disqualification and recusal of judges were held not to bring the case within the exception.

It was the duty of the plaintiff to take some action within two years after the filing of the complaint to bring the case to its final determination. We do not consider the action taken by the plaintiff as being action to accomplish this result so as to toll the statute. Western Timber Products Co. v. W. S. Ranch Company, supra; Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298; Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208. This court has emphasized in many recent cases that by filing of a motion for a setting of the case and bringing it to the attention of the court for consideration before expiration of the two-year limit the statute is satisfied. Martin v. Leonard Motor-El Paso, 75 N.M. 219, 402 P.2d 954; Foster v. Schwartzman, 75 N.M. 632, 409 P.2d 267; Procter v. Fez Club, 76 N.M. 241, 414 P.2d 219; Kennedy v. Nelson, 76 N.M. 299, 414 P.2d 518; Briesmeister v. Medina, 76 N.M. 606, 417 P.2d 208; and More v. Shoemaker, 77 N.M. 689, 427 P.2d 41. In light of the above authority we cannot say that the plaintiff was unable, due to causes beyond her control, to take action to bring the action to trial within two years of the filing of the complaint. Discovery procedures are not actions to bring a proceeding to its final determination so as to toll the statute. Morris v. Fitzgerald, 73 N.M. 56, 385 P.2d 574; and Sender v. Montoya, 73 N.M. 287, 387 P.2d 860.

**482**

The plaintiff further contends that defendant's disqualification of the trial judge originally assigned to hear the case put the case beyond the control of the plaintiff to take action within two years to bring it to a final determination. The contention is without merit. Western Timber Products Co. v. W. S. Ranch Company, supra; and Brown v. Davis, supra.

The order should be affirmed, and it is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.