444 P.2d 584

**John H. TRIGG, Plaintiff-Appellee,**

**v.**

**E. M. RIEBOLD and Elizabeth E. Riebold, Defendants-Appellants.**

No. 8578.

Supreme Court of New Mexico.

Aug. 26, 1968.

Robertson & Reynolds, Silver City, for appellants.

J. Wayne Woodbury, Silver City, for appellee.

## OPINION

MOISE, Justice.

Plaintiff instituted action and obtained judgment against defendants on a promissory note in the amount of $95,000.00 plus interest and attorney fees. Defendants have perfected this appeal on the ground that the note sued on was given without consideration; that the plaintiff did not meet the burden of proof resting upon him; and that the court erred in determining otherwise.

The record discloses that over a period of time plaintiff and defendants had been engaged in some rather complicated dealings involving advances of money and borrowing from banks, and that upon the termination of their dealings plaintiff retained the note sued on in his possession. It

recited that it was given for "value" and defendants admitted its delivery.

It would be a rather arduous task to attempt to detail all the intricate transactions in which the parties were involved. Also, it is doubtful that any particular purpose would be served by so doing. As we see the case, the only question involved is whether plaintiff met the burden of proof resting upon him and if there is substantial evidence to support the court's finding of consideration.

Under our rules, this court must view the evidence in its most favorable light so as to support the trial court's findings. Gruschus v. C. R. Davis Contracting Co., 77 N.M. 614, 426 P.2d 589 (1967). If the proof when viewed in this manner furnishes substantial support for the findings, we will not disturb them on appeal. Manufacturers & Wholesalers Indemnity Exchange v. Valdez, 75 N.M. 363, 404 P.2d 562 (1965); Chesher v. Shafter Lake Clay Co., 45 N.M. 419, 115 P.2d 636 (1941).

We recognize that in suits on promissory notes, regardless of the recitation of consideration contained therein, when consideration is denied and evidence is offered which would support a finding of lack of consideration, the holder is then called upon to show by a fair preponderance that it was in fact present. Hutchison v. Boney, 72 N.M. 194, 382 P.2d 525 (1963); Citizens' National Bank of Roswell v. Bean, 26 N.M. 203, 190 P. 1018 (1920). In our view the burden as thus imposed was sufficiently carried to require affirmance.

The court, after hearing all the evidence, found the presence of consideration. Aside from any other evidence in the record, the denial of consideration was sufficiently answered, and plaintiff's burden was effectively carried through the introduction of mutual releases exchanged by the parties under date of June 4, 1965, which clearly recognize the presence of the note and the full amount as owing. The release signed by plaintiff and delivered to defendants recites "that there is excepted from the terms hereof the balance due in the princi-

pal amount of $95,000.00 plus interest on that certain promissory note from E. M. Riebold and wife, Elizabeth E. Riebold, to John H. Trigg, dated June 3, 1965, the due date of which is December 1, 1966."

On the same date defendants executed and delivered to plaintiff a release of all claims of whatsoever character, and the following is stated therein:

"The consideration for this release is the cancellation of a promissory note in the original principal amount of $345,-000.00 dated November 9, 1964 from E. M. Riebold to John H. Trigg and the execution of a new promissory note from E. M. Riebold and wife, Elizabeth E. Riebold, to John H. Trigg dated June 3, 1965 in the principal amount of $95,-000.00 with interest at the rate of seven (7%) percent per annum, the due date of which is December 1, 1966."

As already noted, the dealings of the parties were exceedingly involved and the proof as to the amount of money that changed hands, who received it and on whose behalf, is not quite as clear and certain as might be wished. Although defendants denied any valid consideration was received for the promise evidenced by the note, Mr. Riebold admitted on the stand that it was given "partially" to conclude his transactions with plaintiff. At the same time, plaintiff testified that he gave "one hundred percent or more" consideration for it. In this testimony we find evidence of a disagreement between the parties which was resolved through the exchange of the releases, thereby furnishing additional substantial support for the findings complained about by defendants. Compare Brock v. Adams, 79 N.M. 17, 439 P.2d 234 (1968).

Under the circumstances, we do not see how it can be seriously questioned that an affirmance must follow application of the rules hereinabove set forth. The judgment appealed from is affirmed.

It is so ordered.

CHAVEZ, C. J., and NOBLE, J., concur.