467 P.2d 392

J. Nepomuceno BACA, Petitioner,

v.

Honorable Garnett R. BURKS, Judge of the Seventh Judicial District of the State of New Mexico, Respondent.

No. 8954.

Supreme Court of New Mexico.

March 31, 1970.

Rozier E. Sanchez, Albuquerque, for petitioner.

Charles H. Fowler, Socorro, for respondent.

## OPINION

WATSON, Justice.

By this opinion we review our action in issuing an alternative writ of prohibition on the petition of J. Nepomuceno Baca because of respondent's denial of his motion to dismiss made pursuant to Rule 41(e), § 21–1–1(41) (e), N.M.S.A., 1953 Comp. The petition for the writ alleged that a complaint had been filed against Baca on February 26, 1965 in respondent's court in which the plaintiff claimed to be the owner of certain lands which defendant, the petitioner here, wrongfully came into possession of and was extracting profits from. Plaintiff sought equitable relief and restoration of the property.

Long after the filing of the complaint and on November 28, 1966, service was made on the defendant, and he answered on January 3, 1967. On January 5, 1967, defendant filed notice to take plaintiff's deposition. On February 7, 1967, plaintiff filed her motion for setting for trial. On February 17, 1967, an order granting a pre-trial conference was filed. On February 21, 1967, defendant submitted interrogatories to the plaintiff who filed her answers thereto on February 28, 1967. On January 16, 1968, the court wrote the attorneys that he

had set the matter for trial on March 19, 1968 and asked them to confirm this setting in writing. This setting was later vacated. A copy of the court's letter was placed in the court file by a nunc pro tunc order of the respondent dated December 26, 1969.

On January 31, 1968, one of the attorneys for the defendant asked leave to withdraw, and on July 23, 1968, the same attorney re-entered the case and the other attorney withdrew. On the same day defendant submitted interrogatories to the plaintiff, and on August 8, 1968, plaintiff asked for a ten-day extension of time to answer the interrogatories of defendant. On August 20, 1968, both parties stipulated to a ten-day extension of time subject to the approval of the court for answering the interrogatories. The court's approval was not obtained but the answers were later filed. On July 24, 1969, defendant filed his motion pursuant to Rule 41(e), supra, which was denied by respondent along with defendant's motion to dismiss pursuant to the court's inherent power.

In his petition for the writ defendant alleges he has no plain, speedy, or adequate remedy in the ordinary course of law because the denial of his motion to dismiss is not appealable at this time, and to appeal from final judgment would be costly and would not afford him speedy and proper relief. At the hearing before us, held pursuant to our Rule 24(5), § 21–2–1(24) (5) N. M.S.A., 1953 Comp., no evidence was submitted to substantiate this allegation nor do we find any in the transcript of the proceedings in respondent's court filed here. No findings of fact nor conclusions of law were requested nor were any made by the respondent.

Respondent, among other matters, questions the appropriateness of our writ of prohibition in this action. He points to State ex rel. Swayze v. District Court, 57 N.M. 266, 258 P.2d 377 (1953), an action brought to prohibit the lower court from proceeding further, where we said the question is not whether the court is proceeding erroneously but whether it is about to act without jurisdiction. Respondent points out that Rule 41(e), supra, states:

"* * * [W]hen it shall be made to appear to the court that the plaintiff therein or any defendant filing a cross-complaint therein has failed to take any action to bring such action or proceeding to its final determination * * *." (Emphasis added.)

He calls our attention to the fact that the rule does not say what sort of showing is required.

This court has rendered many decisions on the showing necessary to toll the operation of Rule 41(e), supra. McClenithan v. Lovato, 78 N.M. 480, 432 P.2d 836 (1967); More v. Shoemaker, 77 N.M. 689, 427 P.2d 41 (1967); Foundation Reserve Ins. Co. v. Johnston Testers, Inc., 77 N.M. 207, 421 P.2d 123 (1966); Foster v. Schwartzman, 75 N.M. 632, 409 P.2d 267 (1965); Schall v. Burks, 74 N.M. 583, 396 P.2d 192 (1964); Yarbro v. Koury, 72 N.M. 295, 383 P.2d 258 (1963); Featherstone v. Hanson, 65 N.M. 398, 338 P.2d 298 (1959); Vigil v. Johnson, 60 N.M. 273, 291 P.2d 312 (1955), to name a few.

As early as 1947 in Ringle Development Corp. v. Chavez, 51 N.M. 156, 180 P.2d 790, we held that the rule required mandatory dismissal except where tolled by statute or failure of process on account of absence of defendant from the state, "*or unless from some other good reason*, the plaintiff is unable, for causes beyond his control, to bring the case to trial." (Emphasis added.) Although the statute is mandatory, it is not self-executing but requires the timely filing of a motion for its operation. Dollison v. Fireman's Fund Ins. Co., 77 N.M. 392, 423 P.2d 426 (1966); Beyer v. Montoya, 75 N.M. 228, 402 P.2d 960 (1965). If no good reason exists, the denial by the trial court of a motion to dismiss is error; but by proceeding to trial the court is within its jurisdiction. Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963).

In Sender, supra, we held that the district court's duty to dismiss was so clear, absolute, and imperative that it did not depend upon the exercise of judicial discretion, and that we would grant mandamus to prevent the lower court from proceeding to trial. There we felt that the exceptions which tolled the statute (Rule 41 [e], supra) were so "well defined" that there really was no question involving judicial determination. In addition we felt that the combination of circumstances in that case would result in needless expense and delay if we did not grant the writ.

In a well reasoned dissent the late Chief Justice Noble pointed out that perhaps even in that case the legal question had not been so clearly determined by this court that by following our prior decisions the lower court's ruling was only a ministerial act.

Since Sender, supra, we have granted writs of mandamus or prohibition in similar cases. These include Schall v. Burks, supra, where the question of the appropriateness of mandamus was not raised; State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106 (1965), where we followed Sender, supra; and Sitta v. Zinn, 77 N.M. 146, 420 P.2d 131 (1966), where a writ of prohibition or mandamus was sought but "[n]o question is presented concerning our jurisdiction or power to proceed in this manner."

Our review of the decisions of this court since the Sender case, supra, will not permit us, at this time, to state that the exceptions which toll the operation of Rule 41(e), supra, are so well defined that their application would be a mere ministerial act. The questions of both facts and law in the present case do involve judicial determination.

In addition this is a court of review, and we should not use our prerogative writs as a substitute for appeal. State ex rel. Owen v. Van Stone, 17 N.M. 41, 121 P. 611 (1912). Unless the question is of great public interest, State ex rel. Castillo Corp. v. N. M. State Tax Comm'n., 79 N.M. 357, 443 P.2d 850 (1968), or unless requiring an appeal would be so futile as to result in grave injustice, State ex rel. Townsend v. Court of Appeals, 78 N.M. 71, 428 P.2d 473 (1967), such writs are withheld except to prevent nonjurisdictional acts. Cal-M, Inc. v. McManus, 73 N.M. 91, 385 P.2d 954 (1963); State ex rel. Harvey v. Medler, 19 N.M. 252, 142 P. 376 (1914).

We have said that what would be required to satisfy Rule 41(e), supra, would have to be determined in each case. Foundation Reserve Ins. Co. v. Johnston Testers, Inc., supra. We held in Foster v. Schwartzman, supra, that good faith, or the absence of it, in marginal situations under Rule 41 (e), supra, is best considered and decided at the trial level. On an appeal we would have the complete record and the findings of the trial court before us. On an appeal the trial court is not placed in the position of a respondent required to justify his actions; on the contrary his findings are viewed in the light most favorable for their support. Trigg v. Riebold, 79 N.M. 399, 444 P.2d 584 (1968).

There being no jurisdictional question presented nor any showing that grave injustice will result if the case proceeds to trial, the matter is not one calling for our writ; and the alternative writ of prohibition having been improvidently issued is hereby discharged.

It is so ordered.

MOISE, Chief Justice (concurring specially).

Although I can agree that the case now being considered can be distinguished from Sender v. Montoya, 73 N.M. 287, 387 P.2d 860 (1963), and a different result reached, I cannot agree that the basis and grounds for the decision there should be weakened or undermined by express or implied acceptance of what was said in the dissent of the late Justice Noble.

Whereas in *Sender*, supra, it was determined that the remedy by appeal was not adequate for the various reasons therein set forth, in the instant case I am not impressed that the same considerations for

granting the writ are present. The right to assert error on the part of the court in refusing to grant petitioner relief on his motion under Rule 41(e) (§ 21–1–1(41) (e), N.M.S.A.1953), may be asserted on appeal if upon trial the decision goes against him and an appeal is perfected. Accordingly, I accept the conclusion that the writ be discharged as improvidently issued. In so doing, however, I reaffirm the position concerning the mandatory nature of the rule and its application, as stated in *Sender,* supra, and also in State ex rel. City of Las Cruces v. McManus, 75 N.M. 267, 404 P.2d 106 (1965). I specifically disagree with anything stated by Justice Watson in his opinion which would in any way alter the holding or result reached in *Sender,* supra, while at the same time I concur in the result reached by him in this case.

COMPTON, TACKETT and SISK, JJ., concur.