721 P.2d 770

**STATE of New Mexico, ex rel. Stephen SCHIFF, District Attorney, Petitioner,**

v.

**Hon. Albert S. "Pat" MURDOCH, District Judge, Respondent.**

No. 16250.

Supreme Court of New Mexico.

June 24, 1986.

Paul Bardacke, Atty. Gen., Charles H. Rennick, Asst. Atty. Gen., Santa Fe, for petitioner.

Jacquelyn Robins, Chief Public Defender, Lynn Fagan, Appellate Defender, Sheila Lewis, Asst. Appellate Defender, Santa Fe, for respondent and real party in interest.

## OPINION

STOWERS, Justice.

On February 19, 1986, this Court issued an alternative writ of superintending control restraining the respondent, the district court, from enforcing a portion of its sentence against defendant Lehman awarding him 113 days' meritorious good time credit against his sentence for the period he spent in presentence confinement. While the district court's order that defendant be given credit against his sentence for 338 days spent in presentence confinement was required by NMSA 1978, Section 31-20-12 (Repl.Pamp.1981), its further order of meritorious good time credits at the rate of ten days per month of presentence confinement, or an additional 113 days' credit, was not expressly authorized by any statute. We issued an alternative writ in order to permit the real party in interest, the defendant, and the petitioner, the State, to present briefs and oral arguments regarding whether the constitutional guarantee of equal protection of the law compelled the district court's award of good time credits in the absence of statutory authority. *See* N.M. Const. art. II, § 18; U.S. Const. amend. XIV, § 1.

Before this case came before us again, the Court of Appeals issued a decision on the consolidated appeal of three similar cases, in which the district court declined to award good time credits for presentence confinement. In *State v. Aqui*, 25 SBB 425 (Ct.App.1986), the Court of Appeals held that the granting of good time credits is constitutionally required by the equal protection and due process clauses of the New Mexico and United States constitutions. The State timely applied to this Court to review that decision on certiorari, and the parties in this case addressed it in their arguments. We subsequently granted certiorari, and our opinion in *State v. Aqui*, 104 N.M. 345, 721 P.2d 771 (1986), effectively disposes of the contentions of these parties on the merits.

One question remains before us in the present case, however: is this an appropriate circumstance for the issuance of an extraordinary writ? We hold that it is not, and that the alternative writ issued in this case should be quashed.

Although this Court is vested with a power of superintending control over all inferior courts, N.M. Const. art. VI, Section 3, we have invoked it most reluctantly. *See State ex rel. Anaya v. Scarborough,* 75 N.M. 702, 706, 410 P.2d 732, 734 (1966). We have determined that our power will be exercised only where the remedy by appeal is wholly or substantially inadequate, or where it is necessary to prevent irreparable mischief, great, extraordinary or exceptional hardship, costly delays or unusual burdens of expense. *State ex rel. DuBois v. Ryan,* 85 N.M. 575, 577, 514 P.2d 851, 853 (1973); *State ex rel. Anaya v. Scarborough,* 75 N.M. at 706, 410 P.2d at 734. The power of superintending control will not be used as a substitute for appeal. *Baca v. Burks,* 81 N.M. 376, 378, 467 P.2d 392, 394 (1970); *State ex rel. Harvey v. Medler,* 19 N.M. 252, 260, 142 P. 376, 378 (1914).

In the present case, the State filed and then voluntarily withdrew an appeal of the district court's order. Under these circumstances, we are unwilling to accept the State's argument that its remedy by appeal is inadequate or unavailable. Furthermore, we do not believe that the exercise of our power of superintending control is necessary in this case to prevent irreparable mischief, great hardship, or unusual burdens of delay or expense. The public interest in the orderly administration of our criminal justice system has been served by our decision in *State v. Aqui* that the award of good time credits for time spent in presentence confinement is not within the authority of the sentencing judge.

For the foregoing reasons, we do not believe that the circumstances of this case call for an exercise of our power of superintending control. The writ is therefore denied, and the alternative writ, having been improvidently granted, is hereby discharged.

IT IS SO ORDERED.

RIORDAN, C.J., and FEDERICI, J., concur.

SOSA, Senior Justice, specially concurring.

WALTERS, J., concurring in result only.

SOSA, Senior Justice, specially concurring.

I Concur in the holding that this is not a proper matter for the issuance of an alternative writ. However, I do not concur in the reaffirmance of *State v. Aqui* because I feel the Court of Appeals in their Opinion properly held that under the circumstances of *State v. Aqui,* good time credit should be awarded under both the equal protection and due process clauses of both the New Mexico and the United States Constitutions.

Therefore, I concur in this result only.

Walters, Justice, specially concurring.

I agree with Senior Justice Sosa and concur solely in the result. The writ was improvidently issued and should be quashed.